The Honorable Robert S. Lasnik

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ELLE NGUYEN, an individual, and TWO
MINOR CHILDREN, A.A., and G.A.,

                Plaintiff,

      v.

MERCER ISLAND BOYS BASKETBALL
BOOSTER CLUB, a nonprofit youth
organization, and MERCER ISLAND BOYS
& GIRLS CLUB OF KING COUNTY, a
nonprofit youth organization, REBECCA
ROBINSON, in her individual capacity and/or
marital community, KAREN FRIEDMAN, in
her individual capacity and/or marital
community, and KELLY COOCHISE, in his
individual capacity and/or marital community,
MARC MUNSON, in his individual capacity
and/or marital community,

                Defendants.

No. 2:23-cv-00855

**DEFENDANTS MIBBBC,
REBECCA ROBINSON, KAREN
FRIEDMAN, AND KELLY
COOCHISE'S MOTION FOR
RULE 11 SANCTIONS**

Note on Motion Calendar:
Friday, November 3, 2023

DEFENDANTS MIBBBC, REBECCA ROBINSON, KAREN
FRIEDMAN, AND KELLY COOCHISE'S MOTION FOR
RULE 11 SANCTIONS
No. 2:23-cv-00855 – Page i

ARÊTE LAW GROUP

1218 THIRD AVE., STE 2100
SEATTLE, WA 98101
O: (206) 428-3250

**TABLE OF CONTENTS**

I. INTRODUCTION AND RELIEF REQUESTED.............................................................1

II. FACTS ...........................................................................................................................2

    A. Alleged Facts and Claims Against MIBBBC and Individual Defendants. ..................................................................................................2

    B. Defendants Notified Ms. Nguyen and Her Counsel That Her Claims Against MIBBBC and Individual Defendants Lack Legal and Factual Merit and Asked Them to Withdraw Them. ....................................................3

        1. Ms. Nguyen-Aluskar implicitly acknowledges that Plaintiffs do not have a proper basis for asserting their breach of contract claims. .............................................................................4

        2. Ms. Nguyen-Aluskar implicitly acknowledges that Plaintiffs' negligence claims fail as a matter of law. ..........................................5

        3. Ms. Nguyen implicitly acknowledges that Plaintiffs' claims for intentional infliction of emotional distress fail as a matter of law. ..................................................................................................6

        4. Ms. Nguyen-Aluskar does not dispute that Plaintiffs cannot state a Title VI claim against the Individual Defendants and MIBBBC. ...........................................................................................7

        5. Ms. Nguyen-Aluskar refuses to dismiss Plaintiffs' meritless discrimination claims under RCW 49.60 despite being made aware that they lack any factual or legal basis. .................................7

    C. MIBBBC and Individual Defendants Served This Motion for Sanctions on Ms. Nguyen-Aluskar and Plaintiffs' Counsel 21 Days Ago and They Have Failed to Cure the Issue. ..............................................8

III. ARGUMENT..................................................................................................................8

    A. Rule 11 Standard.......................................................................................8

    B. Rule 11 Sanctions Against Ms. Nguyen-Aluskar and Plaintiffs' Counsel Are Appropriate. ...........................................................................10

IV. CONCLUSION..............................................................................................................12

DEFENDANTS MIBBBC, REBECCA ROBINSON, KAREN FRIEDMAN, AND KELLY COOCHISE'S MOTION FOR RULE 11 SANCTIONS
No. 2:23-cv-00855 – Page ii

ARÊTE LAW GROUP
1218 THIRD AVE., STE 2100
SEATTLE, WA 98101
O: (206) 428-3250

# TABLE OF AUTHORITIES

**Cases**

*Bankers Trust Co. v. Old Republic Ins. Co.*
959 F.2d 677 (7th Cir. 1992) ......................................................................................... 9

*Bus. Guides, Inc. v. Chromatic Commc'ns Enterprises, Inc.*
892 F.2d 802 (9th Cir. 1989) .................................................................................... 9, 10

*Bus. Guides, Inc. v. Chromatic Commc'ns Enterprises, Inc.*
498 U.S. 533 (1991) ....................................................................................................... 9

*Buster v. Greisen*
104 F.3d 1186 (9th Cir. 1997). ...................................................................................... 9

*Christian v. Mattel Inc.*
286 F.3d 1118 (9th Cir. 2002) ....................................................................................... 9

*Cooter & Gell v. Hartmarx Corp.*
496 U.S. 384 (1990)...................................................................................................... 10

*Ingenuity 13 LLC v. Doe*
No. 212-CV-08333-ODW-JC, 2013 WL 765102 (C.D. Cal. Feb. 7, 2013) ...................... 9

*Townsend v. Holman Consulting Corp.*
929 F.2d 1358 (9th Cir. 1990) (en banc) ..................................................................... 10

**Rules**

Fed. R. Civ. P. 11(b)(1)-(3)............................................................................................. 9

Fed. R. Civ. P. 11(c)(4)................................................................................................. 10

Fed. R. Civ. P. 11. Advisory Committee's Note (1993) ................................................ 10



ARÊTE LAW GROUP
1218 THIRD AVE., STE 2100
SEATTLE, WA 98101
O: (206) 428-3250

## I.   INTRODUCTION AND RELIEF REQUESTED

Defendants Rebecca Robinson, Karen Friedman, and Kelly Coochise ("Individual Defendants") and Mercer Island Boys Basketball Booster Club ("MIBBBC") (collectively, "Defendants"), respectfully move pursuant to Federal Rule of Civil Procedure 11 for an order for sanctions against Plaintiff Elle Nguyen-Aluskar ("Ms. Nguyen-Aluskar" or "Plaintiff")[1] and Plaintiffs' counsel for filing factually and legally frivolous claims against them. MIBBBC is a nonprofit organization that runs a select youth boys' basketball program, and the Individual Defendants are some of its board members. The crux of Plaintiffs' claims against Defendants stem from Ms. Nguyen-Aluskar's fury over MIBBBC's decision to place Minor A.A on the second level ("Cascade") team. However, Plaintiffs' claims against MIBBBC and the Individual Defendants for breach of contract, negligence, emotional distress, and discrimination lack any basis in fact or law. Despite being made aware multiple times that Plaintiffs' claims lack any factual or legal support (both before and after the filing of the Complaint), Ms. Nguyen-Aluskar and her counsel have refused to withdraw the baseless claims.

The Defendants provided Ms. Nguyen-Aluskar and Plaintiffs' counsel with a copy of this Motion for Rule 11 Sanctions 21 days ago to provide them with yet another opportunity to withdraw the meritless claims. Having failed to do so, Defendants now file this Motion seeking attorneys' fees and costs for being forced to defend against Plaintiffs' factually and legally baseless claims.

---

[1] Because Plaintiffs A.A. and G.A. are minors, MIBBBC and Individual Defendants understand that Plaintiff Elle Nguyen-Aluskar is responsible for all decisions made in this litigation on their behalf. Thus, sanctions for Plaintiffs' claims are sought solely against Ms. Nguyen-Aluskar and Plaintiffs' counsel.

DEFENDANTS MIBBBC, REBECCA ROBINSON, KAREN FRIEDMAN, AND KELLY COOCHISE'S MOTION FOR RULE 11 SANCTIONS
No. 2:23-cv-00855 – Page 1

ARÊTE LAW GROUP
1218 THIRD AVE., STE 2100
SEATTLE, WA 98101
O: (206) 428-3250

## II.    FACTS

**A.    Alleged Facts and Claims Against MIBBBC and Individual Defendants.**

While many of the facts are in dispute, even if one were to accept the alleged facts as true, Plaintiffs' claims cannot form the basis of any legal claim. Plaintiffs allege the following facts relating to MIBBBC and Individual Defendants:

- On September 23 and 25, 2022, Ms. Nguyen-Aluskar's sons, Minors "A.A." and "G.A." attended 5th and 6th grade basketball tryouts. Dkt. 1, ¶ 3.5.

- On September 25, 2022, MIBBBC placed Minor G.A. on the first level ("ETL") team and Minor A.A. on the second level ("Cascade") team. *Id.*, ¶¶ 3.6-3.7.

- On September 26, 2022, Defendant Robinson informed Ms. Nguyen-Aluskar by phone of MIBBBC's decision to place Minor A.A. on the Cascade team. Plaintiffs allege that Defendant Robinson said that the decision to place Minor A.A. on the Cascade team was due to a social media post by Ms. Nguyen-Aluskar. *Id.*, ¶ 3.7.

- On October 1, 2022, Ms. Nguyen signed MIBBBC's Code of Conduct. *Id.*, ¶ 3.10.

- On October 6, 2022, MIBBBC agreed to provide Minors A.A. and G.A. a transfer to play for another program, but Plaintiffs allege it was done on the same day as other program's tryouts. *Id.*, ¶ 3.11.

- On October 18, 2022, MIBBBC sent Ms. Nguyen-Aluskar a letter advising her of its decision to release Plaintiffs from its program and again offered to provide Minors A.A. and G.A. a transfer to play for another program. *Id.*, ¶ 3.12.

- On November 7, 2022, Defendant Coochise asked that Minor A.A. leave an ELT practice as he was no longer in the program and not on that team. *Id.*, ¶ 3.17.[2]

Based on the allegations in the Complaint, Plaintiffs assert the following claims against MIBBBC and the Individual Defendants:

---

[2] Plaintiffs also assert allegations of wrongdoing against the Mercer Island Boys & Girls Club of King County ("Boys & Girls Club") and Marc Munson.

DEFENDANTS MIBBBC, REBECCA ROBINSON, KAREN
FRIEDMAN, AND KELLY COOCHISE'S MOTION FOR
RULE 11 SANCTIONS
No. 2:23-cv-00855 – Page 2



ARÊTE LAW GROUP
1218 THIRD AVE., STE 2100
SEATTLE, WA 98101
O: (206) 428-3250

- Breach of contract;

- Negligence;

- Intentional infliction of emotional distress;

- Negligent infliction of emotion distress;

- Race-based discrimination under Title VI of the Civil Rights Act of 1964; and

- Race-based discrimination under RCW 49.60

Dkt. 1, § 4.1.

**B.      Defendants Notified Ms. Nguyen and Her Counsel That Her Claims Against MIBBBC and Individual Defendants Lack Legal and Factual Merit and Asked Them to Withdraw Them**.

Defendants' counsel had multiple conversations with Ms. Nguyen-Aluskar's prior lawyers regarding her threatened claims and the lack of their merit in law and fact. Declaration of Denise L. Ashbaugh ("Ashbaugh Decl."), ¶ 2. Indeed, when Ms. Nguyen-Aluskar filed a claim with the Washington Attorney General's office, the Defendants provided a detailed response again explaining in detail why there was no merit to Plaintiffs' claims. *Id.*, Ex. A. Despite these conversations and communications, Ms. Nguyen-Aluskar and her current counsel filed the 79-page Complaint alleging much of the same claims. Dkt. 1. Defendants' counsel then reached out to Plaintiffs' counsel in an attempt to again raise the issue of Plaintiffs' claims having no merit and to allow Ms. Nguyen-Aluskar and counsel the opportunity to cure the issue. Ashbaugh Decl., ¶ 4. Plaintiffs' counsel, however, had scheduling issues and the call did not occur. *Id.* Nonetheless, during the parties Fed. R. Civ. P. 26(f) conference, Defendants' counsel expressly advised Plaintiffs' current counsel that (a) she had multiple conversations with Plaintiffs' prior lawyers regarding the lack of merit on the claims, (b) Defendants would be filing a Fed. R. Civ. P. 12(b) Motion to Dismiss, and (c) if required to bring such a motion, Defendants would seek their attorneys' fees and costs pursuant to Fed. R. Civ. P. 11. *Id.* Despite being again notified of the lack of any basis for

DEFENDANTS MIBBBC, REBECCA ROBINSON, KAREN
FRIEDMAN, AND KELLY COOCHISE'S MOTION FOR
RULE 11 SANCTIONS
No. 2:23-cv-00855 – Page 3

ARÊTE LAW GROUP
1218 THIRD AVE., STE 2100
SEATTLE, WA 98101
O: (206) 428-3250

Plaintiffs' claims and Defendants' plans to seek sanctions, Ms. Nguyen-Aluskar and her counsel refused to withdraw the claims. *Id.*

On August 21, 2023, MIBBBC and Individual Defendants filed a Motion to Dismiss, seeking to dismiss all claims against them as a matter of law.[3] Dkt. 27. In their Motion to Dismiss, MIBBBC and Individual Defendants yet again expressly notified Ms. Nguyen-Aluskar and her counsel that they would be filing a separate Rule 11 Motion if Plaintiffs did not voluntarily withdraw the meritless claims. *See* Dkt. 27 at 18. In the Motion to Dismiss and Reply thereto, Defendants then explained in detail why each claim lacked any basis in law or fact. *See*, Dkts. 27, 24.

Instead of withdrawing the claims after being notified yet again of their deficiencies, Ms. Nguyen-Aluskar, through her counsel, continued to pursue them by filing a (belated and overlength) Response and Amended Response to MIBBBC's and Individual Defendants' Motion to Dismiss ("Response" and "Amended Response"). Dkts. 19, 22. In her Response and Amended Response, Plaintiffs failed to provide any basis in law or fact in support of her claims. To the contrary, for some of Plaintiffs' claims, Plaintiffs and counsel allude to future plans to withdraw them and replace them with a new claim that they have not yet pled. Dkt. 22 at 11, 12, 13, 15, 16 and 18. By implying that Plaintiffs may later abandon claims currently in the Complaint, and by failing to provide grounds to support the current claims, Ms. Nguyen-Aluskar and counsel implicitly acknowledge that they are aware Plaintiffs' current claims have no merit. The following are specific examples of this implicit acknowledgement.

1.     **Ms. Nguyen-Aluskar implicitly acknowledges that Plaintiffs do not have a proper basis for asserting their breach of contract claims.**

In the Motion to Dismiss and Reply in Support of the Motion to Dismiss, Defendants explained that Plaintiffs' breach of contract claims against Individual Defendants and

---

[3] MIBBBC and Individual Defendants hereby incorporate by reference their Motion to Dismiss, Dkt. 27 and their Reply to Motion to Dismiss, Dkt. 24.

DEFENDANTS MIBBBC, REBECCA ROBINSON, KAREN FRIEDMAN, AND KELLY COOCHISE'S MOTION FOR RULE 11 SANCTIONS
No. 2:23-cv-00855 – Page 4



ARÊTE LAW GROUP
1218 THIRD AVE., STE 2100
SEATTLE, WA 98101
O: (206) 428-3250

MIBBBC fail as a matter of law because Plaintiffs have not alleged any contract or that the Individual Defendants or MIBBBC breached the terms of any contract. *See* Dkt. 27 at 5-6, 12; Dkt. 24 at 1-2, 7-8. Despite being made aware of the lack of any factual or legal basis for Plaintiffs' contract claims, Ms. Nguyen-Aluskar and counsel refuse to withdraw them. Tellingly, with regards to Plaintiffs' contract claim against the Individual Defendants, Plaintiffs mention an entirely different claim that they did not assert in their Complaint – breach of fiduciary duties – and suggest that at a later point Plaintiffs may withdraw the invalid contract claims and attempt to replace them with the unpled fiduciary duty claim:

> Finally, being a board member, a number of fiduciary duties are implicated that could provide for additional breaches although not articulated by Plaintiffs in their Complaint, but may, in addition to potentially pursuing their rights to further amend and even withdraw this cause of action upon completion of further discovery and being given further time to consider these options beyond simply Plaintiffs being first alerted to any alleged deficiencies solely by virtue of their Motion to Dismiss to which they have to respond first and presently.

Dkt. 22 at 11, 12, 13.  By suggesting that Plaintiffs may later withdraw their contract claims and attempt to replace them with an entirely different claim, Ms. Nguyen-Aluskar and counsel are implicitly acknowledging that the contract claims fail as a matter of law. Further, Ms. Nguyen-Aluskar's and counsel's suggestion that Plaintiffs should be given a chance to conduct discovery to determine if their contract claims have merit further suggests that they have not conducted the required pre-filing Rule 11(b) investigation to confirm that the Complaint has an adequate basis in law and fact.

       **2.**      **Ms. Nguyen-Aluskar implicitly acknowledges that Plaintiffs' negligence claims fail as a matter of law.**

Defendants also explained in their Motion to Dismiss and Reply that Plaintiffs' negligence claims, including negligent infliction of emotional distress, fail as a matter of law because Plaintiffs have not identified a duty or the breach of duty as required for a negligence claim. Dkt. 27 at 6-7, 8-9, 14, 16; Dkt. 24 at 2-5, 8-9. In Plaintiffs' Response and Amended

DEFENDANTS MIBBBC, REBECCA ROBINSON, KAREN FRIEDMAN, AND KELLY COOCHISE'S MOTION FOR RULE 11 SANCTIONS
No. 2:23-cv-00855 – Page 5

ARÊTE LAW GROUP
1218 THIRD AVE., STE 2100
SEATTLE, WA 98101
O: (206) 428-3250

Response, Plaintiffs fail to identify any such duty. As with the response to the lack of merit regarding the contract claims, Ms. Nguyen-Aluskar and counsel again implicitly acknowledge that they are aware that Plaintiffs' negligence claims fail as a matter of law and that at some later point Plaintiffs may attempt to replace them with a new fiduciary duty claim that they have not yet pled:

> Additionally, being a board member, a number of fiduciary duties are implicated that could provide additional acts of negligence although not articulated by Plaintiffs in their Complaint, but may, in addition to potentially pursuing their rights to further amend and even withdraw this cause of action upon completion of further discovery and being given further time to consider these options beyond simply Plaintiffs being first alerted to any alleged deficiencies solely by virtue of their Motion to Dismiss to which they have to respond first and presently.

Dkt. 22 at 15, 16, 18.

### 3. Ms. Nguyen implicitly acknowledges that Plaintiffs' claims for intentional infliction of emotional distress fail as a matter of law.

In their Reply in Support of Motion to Dismiss, MIBBBC and Individual Defendants explained that Plaintiffs' intentional infliction of emotional distress claims fail as a matter of law because the facts in the Complaint and Plaintiffs' Response and Amended Response relate primarily to other defendants, not MIBBBC and Individual Defendants. Dkt. 24 at 4-5. Specifically, in the Complaint, Plaintiffs conflate the acts of Mercer Island Boys and Girls Club with those of MIBBBC. Dkt. 1, ¶¶ 3.1-3.4, 3.13, 3.16 and 3.18. This is mirrored in Plaintiffs' Response and Amended Response. Dkts. 19 at 17-19; 22 at 19-21. When the alleged conduct of each defendant is properly separated out, the alleged facts relating to MIBBBC and the Individual Defendants – *i.e.*, the decision to place Minor A.A. on the Cascade team, and MIBBBC's request that Minor A.A. not participate in a basketball practice for a team of which he was not a member – could not, as a matter of law, constitute the type of outrageous conduct necessary to support a claim for intentional infliction of emotional distress. Dkt. 27 at 7-8, 15; Dkt. 24 at 4-5, 9.

DEFENDANTS MIBBBC, REBECCA ROBINSON, KAREN FRIEDMAN, AND KELLY COOCHISE'S MOTION FOR RULE 11 SANCTIONS
No. 2:23-cv-00855 – Page 6

ARÊTE LAW GROUP
1218 THIRD AVE., STE 2100
SEATTLE, WA 98101
O: (206) 428-3250

Plaintiffs' pleadings demonstrate that Ms. Nguyen-Aluskar did not and does not have sufficient facts to allege a claim for intentional infliction of emotional distress against MIBBBC or Individual Defendants.

### 4. Ms. Nguyen-Aluskar does not dispute that Plaintiffs cannot state a Title VI claim against the Individual Defendants and MIBBBC.

In their Motion to Dismiss, MIBBBC and Individual Defendants explained that Plaintiffs' Title VI claims fail as a matter of law because they cannot be asserted against individuals and because Plaintiffs have not asserted any facts (because they cannot) showing that MIBBBC receives federal funding, which is a requirement for the claim. Dkt. 27 at 9-10; 24 at 5-6, 10. In the Response and Amended Response, Plaintiffs point to no factual allegations indicating that MIBBBC receives federal funds – because there are none. Dkt. 22 at 29. For the Individual Defendants, Plaintiffs' counsel provided no legal argument at all (only a title to an argument section that is left blank.) *Id.* at 22. This, too, demonstrates that Plaintiffs' counsel is aware that such a claim is without merit.

### 5. Ms. Nguyen-Aluskar refuses to dismiss Plaintiffs' meritless discrimination claims under RCW 49.60 despite being made aware that they lack any factual or legal basis.

In their Motion to Dismiss and Reply thereto, Individual Defendants and MIBBBC explained that Plaintiffs' race discrimination claims under RCW 49.60 fail as a matter of law because Plaintiffs do not allege that the Individual Defendants or MIBBBC made any decision or took any action based on race. Dkt. 27 at 10-12, 17; Dkt. 24 at 6, 10-11. As with Plaintiffs' other claims, MIBBBC and Individual Defendants pointed out that in the Complaint Plaintiffs' race discrimination claims fail to distinguish between allegations relating to other defendants (Mercer Island Boys & Girls Club and Marc Munson) as opposed to alleged conduct by MIBBBC and the Individual Defendants. *Id.* The allegations against MIBBBC and the Individual Defendants allege only that the Individual Defendants and MIBBBC allegedly made their decisions because Ms. Nguyen-Aluskar posted a "benign"

DEFENDANTS MIBBBC, REBECCA ROBINSON, KAREN FRIEDMAN, AND KELLY COOCHISE'S MOTION FOR RULE 11 SANCTIONS
No. 2:23-cv-00855 – Page 7

ARÊTE LAW GROUP
1218 THIRD AVE., STE 2100
SEATTLE, WA 98101
O: (206) 428-3250

video on social media – a social media post that had nothing to do with race. Dkt. 24 at 22-25. Plaintiffs do not include any allegations relating to MIBBBC or Individual Defendants relating to race. *Id.* Despite being made aware that Plaintiffs' claims against the Individual Defendants and MIBBC lack any factual or legal support, Ms. Nguyen-Aluskar refuses to dismiss them.

**C.     MIBBBC and Individual Defendants Served This Motion for Sanctions on Ms. Nguyen-Aluskar and Plaintiffs' Counsel 21 Days Ago and They Have Failed to Cure the Issue.**

Pursuant to Rule 11's safe haven requirements, MIBBBC and Individual Defendants served a copy of this Motion for Rule 11 Sanctions on Ms. Nguyen-Aluskar and Plaintiffs' counsel on September 20, 2023, providing them with 21-days' notice of the brief, so that they could voluntarily withdraw the meritless claims against them. Ashbaugh Decl., ¶ 5.  Ms. Nguyen-Aluskar and Plaintiffs' counsel have failed to do so and MIBBBC and Individual Defendants thus file this Motion. *Id.* at 5.

## III.  ARGUMENT

**A.     Rule 11 Standard**

Fed. R. Civ. P.  11(b) provides in relevant part that:

> By presenting to the court a pleading, written motion, or other paper –whether by signing, filing, submitting, or later advocating it – an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> > (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
> >
> > (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
> >
> > (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; . . .

DEFENDANTS MIBBBC, REBECCA ROBINSON, KAREN FRIEDMAN, AND KELLY COOCHISE'S MOTION FOR RULE 11 SANCTIONS
No. 2:23-cv-00855 – Page 8

Fed. R. Civ. P. 11(b)(1)-(3). "Filing a complaint in federal court is no trifling undertaking. An attorney's signature on a complaint is tantamount to a warranty that the complaint is well grounded in fact and 'existing law' (or proposes a good faith extension of the existing law) and that it is not filed for an improper purpose." *Christian v. Mattel, Inc.*, 286 F.3d 1118, 1127 (9th Cir. 2002) (quoting Rule 11). Rule 11 plainly mandates that an attorney signing any pleading, motion, or other paper has "an affirmative duty to conduct a reasonable inquiry into the facts and the law before filing." *Bus. Guides, Inc. v. Chromatic Commc'ns Enterprises, Inc.*, 498 U.S. 533, 551 (1991) (affirming application of objective standard to Rule 11 and upholding sanctions against party for filing complaint of copyright infringement with no factual basis). This pre-complaint duty to find supporting facts is not satisfied by rumor or hunch. *Ingenuity 13 LLC v. Doe*, No. 212-CV-08333-ODW-JC, 2013 WL 765102, at *1 (C.D. Cal. Feb. 7, 2013) (quoting *Bankers Trust Co. v. Old Republic Ins. Co.*, 959 F.2d 677, 683 (7th Cir. 1992)). Rule 11 is intended to prompt attorneys "to validate the truth and legal reasonableness of the papers filed." *Bus. Guides*, 498 U.S. at 547. An attorney's signature "certifies to the court that the signer has read the document, has conducted a reasonable inquiry into the facts and the law and is satisfied that the document is well grounded in both, and is acting without any improper motive." *Id*. at 542.

"[T]here are basically three types of submitted papers which warrant sanctions: factually frivolous (not 'well-grounded in fact'); legally frivolous (not 'warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law'); and papers 'interposed for an improper purpose.' *Bus. Guides, Inc. v. Chromatic Commc'ns Enterprises, Inc*., 892 F.2d 802, 808 (9th Cir. 1989), *aff'd,* 498 U.S. 533 (1991) . "Frivolous filings are those that are both baseless and made without a reasonable and competent inquiry." *Buster v. Greisen*, 104 F.3d 1186, 1190 (9th Cir. 1997). To determine whether a filing is baseless, courts make an inquiry into whether a reasonable legal investigation would have demonstrated that the claim was not well-founded. When a complaint is the primary focus of

DEFENDANTS MIBBBC, REBECCA ROBINSON, KAREN FRIEDMAN, AND KELLY COOCHISE'S MOTION FOR RULE 11 SANCTIONS
No. 2:23-cv-00855 – Page 9

ARÊTE LAW GROUP
1218 THIRD AVE., STE 2100
SEATTLE, WA 98101
O: (206) 428-3250

Rule 11, a court must conduct a two-prong inquiry into: (1) whether the complaint is legally or factually baseless from an objective perspective, and (2) if the attorney has conducted a reasonable and competent inquiry before signing it. *Christian*, 286 F.3d at 1127 (internal citations omitted). Courts apply a purely objective standard in assessing a "reasonable" inquiry. *Bus. Guides* 892 F.2d at 812.

The duty to perform a reasonable factual inquiry under Rule 11 "is not a one time obligation," as "Plaintiff is impressed with the continuing responsibility to review and reevaluate [her] pleadings" so that if it is later found that a factual allegation lacks evidentiary support, it is to be withdrawn. *See* Fed. R. Civ. P. 11. Advisory Committee's Note (1993) ("[I]f evidentiary support is not obtained after a reasonable opportunity for further investigation or discovery, the party has a duty under the rule not to persist with that contention."). Under Ninth Circuit law, "frivolous" is shorthand for "a filing that is both baseless and made without a reasonable and competent inquiry." *Townsend v. Holman Consulting Corp.*, 929 F.2d 1358, 1362 (9th Cir. 1990) (en banc).

A sanction under Rule 11 should be "what suffices to deter repetition of such conduct or comparable conduct ..." Fed. R. Civ. P. 11(c)(4). Indeed, "the central purpose of Rule 11 is to deter baseless filings in district court." *Cooter & Gell v. Hartmarx Corp.,* 496 U.S. 384, 393 (1990). Thus, "[e]ven if the careless litigant quickly dismisses the action, the harm triggering Rule 11's concerns has already occurred[,]" and "the imposition of such sanctions on abusive litigants is useful to deter such misconduct." *Id.* at 398. The sanction may include "an order directing payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation." Fed. R. Civ. P. 11(c)(4).

**B.      Rule 11 Sanctions Against Ms. Nguyen-Aluskar and Plaintiffs' Counsel Are Appropriate.**

Rule 11 sanctions against Ms. Nguyen-Aluskar and Plaintiffs' counsel are warranted in this case because they have filed a Complaint against MIBBBC and the Individual

DEFENDANTS MIBBBC, REBECCA ROBINSON, KAREN FRIEDMAN, AND KELLY COOCHISE'S MOTION FOR RULE 11 SANCTIONS
No. 2:23-cv-00855 – Page 10

ARÊTE LAW GROUP
1218 THIRD AVE., STE 2100
SEATTLE, WA 98101
O: (206) 428-3250

Defendants that is both legally and factually baseless from an objective perspective and because they filed it without engaging in a reasonable and competent inquiry to determine the validity of the claims. As discussed above and more extensively in Defendants' Motion to Dismiss and Reply in Support of the Motion to Dismiss, Plaintiffs asserted breach of contract claims without identifying any contract or the breaches of any contract – because no contract exists. Plaintiffs asserted negligence claims without identifying the duty that was breached – because, in fact, no duty was breached. Plaintiffs asserted a Title VI claim despite the fact that the claim cannot be asserted against individuals and despite the fact that Plaintiffs cannot assert any facts indicating that MIBBBC receives federal funds. Plaintiffs assert claims for intentional infliction of emotional distress against the Individual Defendants and MIBBBC based on conduct by different defendants, not the Individual Defendants or MIBBBC. Plaintiffs assert racial discrimination claims without alleging any facts that Individual Defendants or MIBBBC made any decision or took any action based on race.

Ms. Nguyen-Aluskar (on behalf of herself and Minors G.A. and A.A.) and her counsel had a duty under Rule 11(b) to conduct a reasonable investigation into the facts and law prior to filing the Complaint. If they had done so, it would have revealed the clear lack of any contract, any breached duty, or any outrageous or racially discriminatory conduct by Individual Defendants and MIBBBC. After filing the baseless Complaint, Defendants have notified Ms. Nguyen and Plaintiffs' current counsel multiple times (including in their Motion to Dismiss and Reply in Support of the Motion to Dismiss) that the claims against Individual Defendants and MIBBBC lack all factual and legal merit. Nonetheless, Ms. Nguyen and Plaintiffs' counsel have refused to voluntarily dismiss the claims.

In their Response to Individual Defendants and MIBBBC's Motion to Dismiss, Ms. Nguyen-Aluskar and Plaintiffs' counsel implicitly acknowledge their awareness that Plaintiffs' claims are meritless by failing to offer any factual or legal grounds in support of their claims and by suggesting that Plaintiffs plan to withdraw the contract and negligence

DEFENDANTS MIBBBC, REBECCA ROBINSON, KAREN FRIEDMAN, AND KELLY COOCHISE'S MOTION FOR RULE 11 SANCTIONS
No. 2:23-cv-00855 – Page 11

ARÊTE LAW GROUP
1218 THIRD AVE., STE 2100
SEATTLE, WA 98101
O: (206) 428-3250

claims at some future point. However, even if Plaintiffs were to now belatedly decide to withdraw their meritless claims, the damage to Individual Defendants and MIBBBC has already been done, as they have already been forced to expend significant attorneys' fees and costs in filing their Motion to Dismiss, Reply in Support of the Motion to Dismiss, and this Motion for Rule 11 Sanctions. Ms. Nguyen-Aluskar's and Plaintiffs' counsel's conduct in bringing and pursuing Plaintiffs' baseless claims falls squarely within the parameters of Rule 11's sanctionable conduct and Individual Defendants and MIBBBC should be awarded their attorneys' fees and costs for being forced to address the meritless claims by filing their Motion to Dismiss and this Motion for Rule 11 Sanctions.

## IV. CONCLUSION

For the reasons set forth above, as well as in Individual Defendants' and MIBBBC's Motion to Dismiss and Reply in Support of Motion to Dismiss, Individual Defendants and MIBBBC respectfully request that the Court order Rule 11 Sanctions against Plaintiff Elle Nguyen-Aluskar and Plaintiffs' counsel in the form of the attorneys' fees and costs that Individual Defendants and MIBBBC have been forced to incur in seeking dismissal of Ms. Nguyen's meritless Complaint and in bringing this Motion for Rule 11 Sanctions.[4]

/

/

/

---

[4] Defendants will submit to the Court their attorneys' fees and costs, with support, upon the Court's order on this Motion.

DEFENDANTS MIBBBC, REBECCA ROBINSON, KAREN FRIEDMAN, AND KELLY COOCHISE'S MOTION FOR RULE 11 SANCTIONS
No. 2:23-cv-00855 – Page 12

ARÊTE LAW GROUP
1218 THIRD AVE., STE 2100
SEATTLE, WA 98101
O: (206) 428-3250

I certify that this memorandum contains 3,894 words, in compliance with the Local Civil Rules.

DATED: October 13, 2023.

**ARETE LAW GROUP PLLC**

By: */s/ Denise L. Ashbaugh*
Denise L. Ashbaugh, WSBA No. 28512
Lisa Herb, WSBA No. 23161
1218 Third Avenue, Suite 2100
Seattle, WA 98101
Phone: (206) 428-3250
Fax:    (206) 428-3251
dashbaugh@aretelaw.com
lherb@aretelaw.com

*Attorneys for Defendants Mercer Island Boys Basketball Booster Club, Rebecca Robinson, Karen Friedman, and Kelly Coochise*

DEFENDANTS MIBBBC, REBECCA ROBINSON, KAREN FRIEDMAN, AND KELLY COOCHISE'S MOTION FOR RULE 11 SANCTIONS
No. 2:23-cv-00855 – Page 13

ARÊTE LAW GROUP
1218 THIRD AVE., STE 2100
SEATTLE, WA 98101
O: (206) 428-3250

## CERTIFICATE OF SERVICE

I hereby certify that on this date I caused true and correct copies of the foregoing document to be served upon the following, at the addresses stated below, via the method of service indicated.

**DAVIS ROTHWELL EARLE & XÓCHIHUA, PC**

Matthew K.T. Ishihara                          ☐ E-mail
John E. Moore                                  ☐ U.S. Mail
701 5th Ave, Suite 5500                        ☒ E-filing
Seattle, WA 98104
mishihara@davisrothwell.com
jmoore@davisrothwell.com

*Attorneys for Defendants Mercer Island Boys
and Girls Club of King County and Marc
Munson*

**LAW OFFICE OF JENNY M. COCHRANE**

Jenny Cochrane                                 ☐ E-mail
4055 Lake Washington Blvd NE; Ste 220          ☐ U.S. Mail
Kirkland, WA 98033                             ☒ E-filing
jennycochrane@jcochranelaw.com

*Attorney for Plaintiff*

Dated this 13th day of October, 2023 in Seattle, Washington.

/s/ Kaila Greenberg
Kaila Greenberg
Legal Assistant

DEFENDANTS MIBBBC, REBECCA ROBINSON, KAREN
FRIEDMAN, AND KELLY COOCHISE'S MOTION FOR
RULE 11 SANCTIONS
No. 2:23-cv-00855 – Page 14

ARÊTE LAW GROUP
1218 THIRD AVE., STE 2100
SEATTLE, WA 98101
O: (206) 428-3250