UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ELLE NGUYEN, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>MERCER ISLAND BOYS BASKETBALL BOOSTER CLUB, *et al.*,<br><br>Defendants. | CASE NO. 2:23-cv-00855-RSL<br><br>ORDER GRANTING MIBBBC DEFENDANTS' MOTION FOR SANCTIONS |

This matter comes before the Court on "Defendants MIBBBC, Rebecca Robinson, Karen Friedman, and Kelly Coochise's Motion for Rule 11 Sanctions." Dkt. # 34. Having reviewed the memoranda, declarations, and exhibits submitted by the parties, the evidence of service submitted by the moving defendants, and the remainder of the record, the Court finds as follows:

## BACKGROUND

In September 2022, minor plaintiffs G.A. and A.A. participated in the 5th and 6th grade Mercer Island Boys Basketball Booster Club ("MIBBBC") tryouts for spots on their

2022-2023 rosters. Dkt. # 1 at ¶ 3.5. As alleged in the complaint, both boys were selected to play on the Eastside Travel League teams representing Mercer Island. *Id.* The day of A.A.'s tryout, the MIBBBC board voted to remove A.A. from the Eastside Travel Team that selected him and instead demote him to a lower-level "Cascade" team. *Id*. at ¶¶ 3.6-3.7. MIBBBC's president, defendant Rebecca Robinson, left three voicemail messages for A.A.'s mother, plaintiff Elle Nguyen, stating that she needed to speak with Ms. Nguyen immediately. *Id*. at ¶ 4.1.m.3. Ms. Nguyen did not call her back. *Id*. The next morning, Ms. Robinson spoke with Ms. Nguyen and informed her that A.A. was placed on the Cascade team because Ms. Nguyen had made a disparaging social media post about A.A.'s coach in another league. *Id*.

According to the complaint, the coach that had selected A.A. for the Eastside Travel League team attempted to get him reinstated, but to no avail. *Id*. at ¶ 3.8. When the coach subsequently permitted A.A. to participate in a team practice, MIBBBC board member, defendant Kelly Coochise, had A.A. removed from the building. *Id*. at ¶ 3.17. On September 29, 2022, the MIBBBC board declined to allow A.A. and G.A. to transfer to the Bellevue Eastside Travel League basketball team despite receiving transfer forms from the Bellevue 5th and 6th grade coaches. *Id*. at ¶ 3.9.[1] A week later, MIBBBC agreed to allow the transfers, but tryouts for the Bellevue team were scheduled that same day and A.A. and G.A. could not attend. *Id*. at ¶ 3.11. Ms. Nguyen signed MIBBBC's Code of Conduct on October 1, 2022. *Id*. at ¶ 3.10.

---

[1] Although not specifically alleged in the complaint, the parties agree that, at some point, both A.A. and G.A. were released from the MIBBBC program.

ORDER GRANTING MIBBBC DEFENDANTS' MOTION
FOR SANCTIONS - 2

Plaintiffs allege that an Eastside Travel League coach told Ms. Nguyen that he had been told by MIBBBC director Karen Friedman that A.A. and G.A. had been removed from the team "because [Ms. Nguyen] did not donate enough in the 2021-2022 season in addition to the social media post." *Id*. at ¶ 3.21.

Plaintiffs filed this lawsuit on June 6, 2023, alleging that the moving defendants (1) breached various contracts/promises related to participation in MIBBBC's youth basketball program; (2) negligently failed to satisfy their promises and/or wronged plaintiffs; (3) intentionally inflicted emotional distress on plaintiffs Elle Nguyen and A.A.; (4) negligently inflicted emotional distress; and (5) engaged in race-based discrimination in violation of federal and state law.

## RULE 11

Federal Rule of Civil Procedure 11(a) requires that all pleadings, motions, and other filings be signed by an attorney of record or, if a party is unrepresented, by the party personally. The signature constitutes a representation and certification:

> that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

ORDER GRANTING MIBBBC DEFENDANTS' MOTION
FOR SANCTIONS - 3

> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b). Sanctions may be imposed for a violation of Rule 11(b) if (i) the violator is served with a stand-alone motion for Rule 11 sanctions at least twenty-one days before the motion is filed with the Court, (ii) the challenged paper, claim, defense, contention, or denial is not withdrawn or appropriately corrected during that time period, and (iii) the violator is given a reasonable opportunity to respond to the motion. Fed. R. Civ. P. 11(c)(1) and (2).[2] If a violation is found, sanctions may be awarded against the attorney who signed the challenged document and/or the party who is responsible for the violation. Fed. R. Civ. P. 11(c)(1). If sanctions are imposed on an attorney, the attorney's law firm will be held jointly and severally liable except in exceptional circumstances. *Id*.

> A sanction imposed under [Rule 11] must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated. The sanction may include nonmonetary directives; an order to pay a penalty into court; or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation.

Fed. R. Civ. P. 11(c)(4). Monetary sanctions may not be awarded against a represented party for violating Rule 11(b)(2). Fed. R. Civ. P. 11(c)(5)(A).

---

[2] Rule 11 sanctions may also be imposed on the Court's own initiative after issuing an order to show cause. Fed. R. Civ. P. 11(c)(3).

ORDER GRANTING MIBBBC DEFENDANTS' MOTION
FOR SANCTIONS - 4

**PROCEDURAL BACKGROUND**

Even before the Complaint was filed, the moving defendants attempted to dissuade plaintiffs, pointing out in conversations and in a response to Ms. Nguyen's claim with the Washington Attorney General's office that the claims were defective. During the Rule 26(f) conference, the moving defendants warned plaintiffs' counsel that they would be filing a motion to dismiss the meritless claims and, if forced to do so, would seek attorney's fees and costs under Rule 11.

On August 21, 2023, the moving defendants requested that the Court dismiss all of the claims against them, again warning plaintiffs that they would file a Rule 11 motion if the claims were not withdrawn. Dkt. # 13 at 23. An amended motion to dismiss, with the same Rule 11 warning, was filed on September 18, 2023. Two days later, the moving defendants served the Rule 11 motion on plaintiffs' counsel. Dkt. # 51-1. Despite acknowledging in their responses to the motion to dismiss that some of the claims asserted were likely deficient and might be withdrawn in the future, Dkt. # 28 at 11 (contract claim against Ms. Robinson), 12 (contract claim against Ms. Friedman), 13 (contract claim against Ms. Coochise and negligence claim against Ms. Robinson), 15 (negligence claim against Ms. Friedman), and 16 (negligence claim against Ms. Coochise), and despite recognizing the need to assert new theories or claims to replace the claims actually asserted, Dkt. # 28 at 21-22, plaintiffs failed to withdraw or correct any of their claims.

Defendants filed this Rule 11 motion on October 13, 2023. The Court granted their motion to dismiss on December 6, 2023, then turned to the Rule 11 issues. Because

plaintiff's counsel asserted that she had not been served with the Rule 11 motion until it was filed with the Court, Dkt. # 43-1 at 2, additional briefing was required to address and refute that assertion, Dkt. # 51 and attachments.

As discussed in the "Order Granting the MIBBBC Defendants' Motion to Dismiss," Dkt. # 48, all of plaintiffs' claims failed as a matter of law:

- Plaintiffs failed to allege a promise and/or a breach in support of the breach of contract claim against MIBBBC;

- Plaintiffs failed to allege an agreement or meeting of the minds in support of the breach of contract claim against the individual defendants;

- Plaintiffs failed to allege outrageous conduct in support of their intentional infliction of emotional distress claim;

- Plaintiffs failed to allege a non-contractual duty in support of their negligence claims;

- Plaintiffs failed to allege that defendants receive federal financial assistance in support of their Title VI claim; and

- Plaintiffs failed to allege that defendants took or omitted any actions because of plaintiffs' race in support of their state law discrimination claim.

Dismissal of plaintiffs' claims was not debatable. The pleading deficiencies identified by the Court were obvious based on the governing law.

## DISCUSSION

Where, as here, a complaint is the primary focus of a Rule 11 motion, the Court asks (1) whether the complaint is legally or factually baseless from an objective

perspective, and (2) whether the attorney or party conducted a reasonable and competent inquiry before signing and filing it. *Holgate v. Baldwin*, 425 F.3d 671, 676 (9th Cir. 2005). The answer to the first question is "yes, the complaint is legally or factually baseless from an objective perspective," as the Court found when dismissing the claims against the moving defendants.

With regards to the second question, the facts alleged in the complaint do not satisfy the elements of any of the claims asserted. A reasonably conducted legal analysis would have revealed the obvious deficiencies that resulted in the dismissal of plaintiffs' claims against the moving defendants. Even when plaintiffs recognized that certain causes of action were objectively meritless, they failed to withdraw or correct them. Asserting claims that are neither warranted by existing law nor supported by a nonfrivolous argument for extending, modifying, or reversing existing law is a clear violation of Rule 11(b)(2).

As noted above, sanctions for violation of Rule 11(b)(2) can be imposed only on the attorney and her law firm, a limitation that is appropriate here. Defendants have not shown, either in the context of their motion to dismiss or this motion for sanctions, that the factual contentions in the complaint are without evidentiary support or that the complaint was filed for an improper purpose. Even if Ms. Nguyen consulted with an attorney because she was angry and wanted to punish defendants, it was counsel's obligation to figure out whether the facts described by Ms. Nguyen gave rise to a viable cause of action. She failed to do so, instead asserting an array of claims whose essential elements could not be met

with the facts alleged. Sanctions are therefore appropriately imposed on Ms. Cochrane and her law firm, rather than on Ms. Nguyen.

"[T]he central purpose of Rule 11 is to deter baseless filings in district court and ... streamline the administration and procedure of the federal courts." *L.W. through Doe v. Snap Inc.*, 675 F. Supp. 3d 1087, 1102 (S.D. Cal. 2023) (quoting *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990)). A sanction under Rule 11 should therefore be "what suffices to deter repetition of such conduct or comparable conduct by others similarly situated." Fed. R. Civ. P. 11(c)(4). Here, the conduct involves not merely the initial failure to analyze the elements of the various claims asserted in light of the facts as presented by Ms. Nguyen, but a refusal to withdraw defective claims or correct the deficiencies when given every opportunity to do so. The Court finds that the goal of effective deterrence warrants requiring payment to the moving party of all of the reasonable attorney's fees and other expenses incurred in seeking dismissal of the violative pleading and in bringing this motion for Rule 11 sanctions.

## Conclusion

For all of the foregoing reasons, the MIBBBC defendants' motion for Rule 11 sanctions against Ms. Cochrane and her law firm is GRANTED. The Clerk of Court is directed to renote the motion for sanctions on the Court's calendar for Friday, May 24, 2024. Defendants shall submit evidence of their reasonable attorney's fees and costs, as described above, on or before Thursday, May 10, 2024. Plaintiffs' and/or their counsel may submit declarations and other evidence in opposition to the fee petition on or before

Monday, May 20, 2024. Papers filed after that date will not be considered. Defendants' reply, if any, is due on or before the note date.

Dated this 29th day of April, 2024.

Robert S. Lasnik
United States District Judge