UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ELLE NGUYEN, *et al.*, <br><br>  Plaintiffs, <br><br> v. <br><br> MERCER ISLAND BOYS BASKETBALL BOOSTER CLUB, *et al.*, <br><br>  Defendants. | CASE NO. 2:23-cv-00855-RSL <br><br> FEE AWARD |

On April 29, 2024, the Court granted the MIBBBC defendants' motion for sanctions against plaintiffs' counsel under Federal Rule of Civil Procedure 11, finding that counsel not only failed to analyze the elements of the various claims asserted in light of the facts presented by her client, but refused to withdraw defective claims or correct the deficiencies when they were brought to her attention. The failures forced the MIBBBC defendants to file a motion to dismiss and subsequent motion for sanctions. The Court found that Rule 11's goal of effective deterrence would be furthered by requiring payment of the MIBBBC defendants' reasonable attorney's fees and other expenses incurred in

FEE AWARD - 1

these efforts. Dkt. # 59 at 8. The Court established a briefing schedule related to the amount of the fee award, and plaintiffs were warned that papers filed after the deadline for their opposition would not be considered. Dkt. # 59 at 8-9.

The MIBBBC defendants timely filed a fee petition and supporting declarations. Dkt. # 60-64. One week before their opposition was due, plaintiffs filed a motion for reconsideration. Dkt. # 67. It was denied the next day. Dkt. # 69. No critique of or opposition to the fee petition has been filed.

When evaluating the reasonableness of an attorney's fee request, the Court considers both the reasonableness of the hourly rates charged and the number of hour expended on the matter. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Camacho v. Bridgeport Fin., Inc*., 523 F.3d 973, 982 (9th Cir. 2008). The hourly rates of Denise L. Ashbaugh (member, $400/hour), Lisa M. Herb (attorney, $345/hour), and Charles F. Prutting (paralegal, $180/hour) are below those charged by the same professional staff in other cases, are below rates authorized for similar work in other cases in this district, and are consistent with the undersigned's information regarding and familiarity with the local legal market. Counsel properly documented their work, and the number of hours spent evaluating the 79-page complaint, researching and writing the motions to dismiss and for sanctions, and reviewing and replying to plaintiffs' various responses and objections is reasonable.

Although plaintiffs' counsel did not respond directly to the fee petition, she has twice argued that the Court should consider the relative abilities of each party to bear the

FEE AWARD - 2

expenses of litigation and whether a fee award would be financially ruinous and/or likely to chill future civil rights litigation. *See* Dkt. # 43 at 12-13; Dkt. # 67 at 7-8. As an initial matter, plaintiffs did not assert a civil rights claim in this litigation, and attorney's fees were awarded as a sanction under Rule 11, not under the fee-shifting provision of a civil rights statute. Just as importantly, counsel makes no effort to show that the Mercer Island Boys Basketball Booster Club or the individuals she chose to sue are better able to bear the costs of this litigation. Nor has she offered a declaration or other evidence to support her claim that she would be run out of business if fees are awarded. Counsel acknowledged as much when she first raised the inability-to-pay argument, requesting that she be "permitted a further opportunity to provide sworn evidence in support" before the Court settles on a fee award. Dkt. # 43 at 13. The filing of the fee petition gave her just such an opportunity, but she failed to respond.

For all of the foregoing reasons, the MIBBBC defendants' fee petition is GRANTED. Plaintiff's counsel shall, within thirty-five days of the date of this Order, pay to the MIBBBC defendants (via Arete Law Group), the sum total of $29,856.50.

Dated this 3rd day of June, 2024.

Robert S. Lasnik
United States District Judge

FEE AWARD - 3