1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ELLE NGUYEN, *et al*.,

                Plaintiffs,

      v.

MERCER ISLAND BOYS BASKETBALL
BOOSTER CLUB, *et al*.,

                Defendants.

CASE NO.  2:23-cv-00855-RSL

ORDER GRANTING LEAVE TO
WITHDRAW AND RENOTING
DKT. # 86 AND 88

      This matter comes before the Court on attorney Jenny Cochrane's amended

"Motion for Order Granting Leave to Withdraw as Counsel for Plaintiff(s)." Dkt. # 92-1.

There has been a complete breakdown in the attorney-client relationship between plaintiff

Elle Nguyen and Ms. Cochrane. Ms. Nguyen fired Ms. Cochrane on or about August 12,

2024, having become convinced that Ms. Cochrane provided ineffective assistance in this

case. There does not appear to be any hope of a reconciliation: Ms. Nguyen has lost trust in

Ms. Cochrane and insists that the relationship be terminated. Although discovery has now

closed, the motion to withdraw is GRANTED in these circumstances. The Court, however,

retains jurisdiction over Ms. Cochrane with regards to the outstanding sanctions order and

the MIBBBC defendants' motion for contempt.

Ms. Nguyen is now proceeding *pro se* in this litigation. Unless and until she retains new counsel, she is expected to follow the local rules of this district (found at https://www.wawd.uscourts.gov/local-rules-and-orders) and the Federal Rules of Civil Procedure. Ms. Nguyen is advised that requests for relief from the Court must be in the form of a motion and all declarations must be signed, dated, and made under penalty of perjury. *See* LCR 7 and 10; 28 U.S.C. § 1746.[1]

Plaintiffs A.A. and G.A. are minors and may neither represent themselves in federal litigation nor be represented by a non-lawyer parent. Fed. R. Civ. P. 17(c)(1); *Johns v. County of San Diego*, 114 F.3d 874, 977 (9th Cir. 1997) (a parent cannot bring an action on behalf of a minor child without retaining a lawyer). A.A. and G.A. may, however, sue in their own names and capacity through a "next friend." Fed. R. Civ. P. 17(c)(2). Rule 17(c)(2) "requires a court to take whatever measures it deems proper to protect an incompetent person during litigation. Although the court has broad discretion and need not appoint a guardian ad litem if it determines the person is or can be otherwise adequately protected, it is under a legal obligation to consider whether the person is adequately protected." *United States v. 30.64 Acres of Land, More or Less, Situated in Klickitat Cnty., State of Wash.*, 795 F.2d 796, 805 (9th Cir. 1986) (footnote omitted) (citing *Roberts v. Ohio Casualty Insurance Co.*, 256 F.2d 35, 39 (5th Cir. 1958)). *See also Elliott v. Versa CIC, L.P.*, 328 F.R.D. 554, 556 (S.D. Cal. 2018) ("As a general matter, the decision

---

[1] Motions must be accompanied by a proposed order, and Ms. Nguyen must email a Word version of the proposed order to LasnikOrders@wawd.uscourts.gov. This inbox is not monitored on a regular basis and cannot be used for any other purpose, reason, or communication.

ORDER GRANTING LEAVE TO WITHDRAW AND
RENOTING DKT. # 86 AND 88 - 2

whether to appoint a guardian ad litem is normally left to the sound discretion of the trial court.") (internal quotation marks and citation omitted).

Ms. Nguyen has not shown that she is qualified to represent A.A. and G.A. under Rule 17(c)(1), nor has she sought appointment as guardian ad litem under Rule 17(c)(2). The Court must therefore consider whether she has standing to act as "next friend" to her children. "In order to establish next friend standing, the putative next friend must show: (1) that the petitioner is unable to litigate his own cause due to mental incapacity, lack of access to court, or other similar disability; and (2) the next friend has some significant relationship with, and is truly dedicated to the best interests of, the petitioner." *Massie ex rel. Kroll v. Woodford*, 244 F.3d 1192, 1194 (9th Cir. 2001). There is no dispute that, as minors, A.A. and G.A. are unable to litigate on their own in federal court. The first criteria is therefore satisfied. As their mother, Ms. Nguyen plainly has a "significant relationship" with the boys. While Ms. Nguyen has not explicitly asserted her dedication to the best interests of A.A. and G.A., her parental relationship and actions in the case suggest that she is driven by such dedication. Accordingly, the Court finds that recognition of Ms. Nguyen as a "next friend" to A.A. and G.A. for purposes of this litigation will protect the minors' rights in the action while allowing them to pursue the claims that have been asserted to judgment.

Plaintiffs request that the Court issue a new case schedule, reopening discovery and the expert disclosure deadlines so that plaintiffs can correct what they see as the errors and omissions of their prior counsel. It is well settled, however, that a client, having chosen her

ORDER GRANTING LEAVE TO WITHDRAW AND
RENOTING DKT. # 86 AND 88 - 3

representative and agreed to have counsel act as their agent before the Court, is bound by counsel's representations and actions. "[T]he established principle [is] that the faults and defaults of the attorney may be imputed to, and their consequences visited upon, his client." *In re Hill*, 775 F.2d 1385, 1387 (9th Cir. 1985). *See also West Coast Theater Corp. v. City of Portland*, 897 F.2d 1519, 1523 (9th Cir.1990) (same); *Pioneer Inv. Serv. Co. v. Brunswick, Assocs. Ltd.*, 507 U.S. 380, 396 (1993) ("[C]lients must be held accountable for the acts and omissions of their attorneys"); *Magala v. Gonzales*, 434 F.3d 523, 525 (7th Cir. 2005) ( "[I]t has long been understood that lawyer's mistakes in civil litigation are imputed to their clients"). The Court has taken care to ensure that only Ms. Cochrane is responsible for the Rule 11 sanctions that have been imposed in this case, but finds that allowing plaintiffs to restart the litigation at this stage because their choice of counsel went awry would unduly prejudice defendants and interfere with the timely and efficient administration of justice. In cases such as this, where the "litigants are bound by the conduct of their attorneys," the client's remedy is a malpractice case against prior counsel, not starting the litigation anew. *Nealey v. Transport. Maritima Mexicana, S.A.*, 662 F .2d 1275, 1282 n. 13 (9th Cir. 1980); *see Link v. Wasbash R.R. Co.*, 370 U.S. 626, 634 n. 10 (1962) ("[I]f an attorney's conduct falls substantially below what is reasonable under the circumstances, the client's remedy is against the attorney in a suit for malpractice."); *Magala*, 434 F.3d at 526 ("The civil remedy is damages for malpractice").

That having been said, there are motions pending in this case that may ultimately impact the case schedule, such as plaintiff's motion to amend and defendants' various

ORDER GRANTING LEAVE TO WITHDRAW AND
RENOTING DKT. # 86 AND 88 - 4

discovery motions. Dkt. # 52, 73, 86, and 88. Two of these motions were filed at a time when the relationship between plaintiffs and Ms. Cochrane was unraveling, and responses were not filed. In order to give plaintiffs a full and fair opportunity to litigate the issues that are currently before the Court and to give the Court time to resolve the outstanding discovery matters before the dispositive motion deadline arrives, the Court orders as follows:

1. The trial date and remaining pretrial deadlines are STRICKEN, to be reset when the Court has resolved Dkt. # 52, 73, 86, and 88.

2. The Clerk of Court is directed to renote Dkt. # 86 and 88 on the Court's calendar for Friday, October 18, 2024. Plaintiffs' responses must be received by the Court on or before Monday, October 14, 2024, with defendants' replies due on the note date.

Dated this 26th day of September, 2024.

Robert S. Lasnik
United States District Judge

ORDER GRANTING LEAVE TO WITHDRAW AND
RENOTING DKT. # 86 AND 88 - 5