UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ELLE NGUYEN, *et al.*,

         Plaintiffs,

v.

MERCER ISLAND BOYS BASKETBALL BOOSTER CLUB, *et al.*,

         Defendants.

CASE NO. 2:23-cv-00855-RSL

ORDER DENYING MOTION TO COMPEL AS MOOT, DENYING REQUEST FOR ATTORNEY'S FEES, AND DENYING MOTION TO STRIKE

This matter comes before the Court on Defendant Boys & Girls Club of King County and Marc Munson's "Motion to Compel Discovery Responses from Plaintiffs and for Attorneys [sic] Fees" (Dkt. # 73) and "Motion to Strike Plaintiffs' New Response on Defendants' Motion to Compel Discovery and Document Production" (Dkt. # 108).

Defendants served their first set of discovery requests on February 16, 2024. Plaintiffs obtained a 30-day extension of the time in which to respond, but did not serve their initial, incomplete responses until May 14, 2024. The responses were supplemented, as agreed by the parties, on May 24, 2024. Defendants identified various deficiencies in the production and wrote a letter, dated May 31, 2024, requesting further supplementation by June 14, 2024. Dkt. # 76-4. Although plaintiffs apparently agreed that some supplementation was necessary and said they would endeavor to do so by June 21, 2024, they did not supplement their responses until July 2, 2024, a day after this motion to

compel was filed. Defendants agree that plaintiffs have now satisfied their discovery obligations with respect to the first set of discovery requests, but nevertheless seek an award of fees and costs under Rule 37(b)(2).

Rule 37(b)(2) is clearly inapplicable: there was no "order to provide or permit discovery" with which plaintiffs failed to comply. In the absence of a prior court order, Rule 37(a)(5) governs a request for fees and costs. While an award may be appropriate under that subparagraph if the requested discovery is provided after a motion to compel is filed, fees and costs cannot be awarded if (i) the motion was filed without making a good faith attempt to obtain the disclosure without court involvement, (ii) the nondisclosure was substantially justified, and/or (iii) the circumstances make an award of expenses unjust.

The Court in no way condones delaying full and complete discovery responses for more than three and a half months past the due date, but notes that the parties agreed to certain extensions of time and were in discussions regarding the dates of production throughout that period. While defendants' frustration with plaintiffs' inability to follow through on any of their commitments is evident and understandable, this motion to compel was filed only two weeks after plaintiffs failed to meet a deadline for supplementation that defendants had unilaterally set. In addition, counsel's response to the motion to compel reveals that the relationship between her and her clients was already fraying at the time, further complicating efforts to supplement in a timely manner. *See* Dkt. # 75 at 4.

//

//

ORDER DENYING MOTION TO COMPEL AS MOOT,
DENYING REQUEST FOR ATTORNEY'S FEES, AND
DENYING MOTION TO STRIKE - 2

1
2    Having reviewed the submissions of the parties (including Ms. Nguyen's assertions
3  in Dkt. # 105 at 2), the Court finds that an award of fees and costs would be unjust in the
4  circumstances presented here. Defendants' motion to compel is denied as moot, their
5  request for an award of fees and costs is denied, and the motion to strike is denied.
6
7    Dated this 24th day of October, 2024.
8
9            *Robert S. Lasnik signature*
10            Robert S. Lasnik
             United States District Judge
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

ORDER DENYING MOTION TO COMPEL AS MOOT,
DENYING REQUEST FOR ATTORNEY'S FEES, AND
DENYING MOTION TO STRIKE - 3