UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ELLE NGUYEN, *et al.*,<br><br>        Plaintiffs,<br><br>   v.<br><br>MERCER ISLAND BOYS BASKETBALL BOOSTER CLUB, *et al.*,<br><br>        Defendants. | CASE NO. 2:23-cv-00855-RSL<br><br>ORDER GRANTING IN PART PLAINTIFFS' MOTION TO AMEND |

This matter comes before the Court on "Plaintiffs' Motion for Leave to File Amended Complaint." Dkt. # 52. Having reviewed the memoranda, declarations, and exhibits submitted by the parties, as well as the remainder of the record, the Court finds as follows:

In June 2023, plaintiffs filed this lawsuit alleging that one or more of the defendants tortiously and in breach of contract interfered with minor A.A.'s and G.A.'s participation in youth sports programs. The only claims that survived defendants' motions to dismiss were (a) an intentional infliction of emotional distress claim against defendant Marc Munson related to his alleged racially demeaning comments, (b) the negligence and negligent infliction of emotional distress claims against Mr. Munson arising from his

ORDER GRANTING IN PART PLAINTIFFS' MOTION TO AMEND - 1

alleged initiation of and failure to respond to bullying and/or racially-charged comments, (c) the negligence and negligent infliction of emotional distress claims against defendant Boys & Girls Club of King County ("BGCKC") arising from plaintiffs' removal from sporting events, and (d) the unchallenged race-based discrimination claims against BGCKC. Plaintiffs were invited to file a motion to amend and attach a proposed pleading for the Court's consideration if they believed they could, consistent with their Rule 11 obligations, amend their complaint to remedy the deficiencies identified by the Court. Four months later, plaintiffs filed this motion to amend.[1]

Courts "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). There is a "strong policy in favor of allowing amendment" (*Kaplan v. Rose*, 49 F.3d 1363, 1370 (9th Cir. 1994)), and "[c]ourts may decline to grant leave to amend only if there is strong evidence of undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of amendment, etc." (*Sonoma County Ass'n of Retired Employees v. Sonoma County*, 708 F.3d 1109, 1117 (9th Cir. 2013) (internal quotation marks and alterations omitted)). The underlying purpose of Rule 15 is "to facilitate decision on the merits, rather than on the pleadings or technicalities." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). Defendants argue that plaintiffs' proposed amendments do not cure the fatal defects that

---

[1] The Court subsequently granted the Mercer Island Boys Basketball Booster Club ("MIBBBC") defendants' motion for Rule 11 Sanctions regarding the unsupported and unfounded claims asserted against it in the original complaint.

ORDER GRANTING IN PART PLAINTIFFS' MOTION TO AMEND - 2

resulted in dismissal of their negligence, negligent infliction of emotional distress, and discrimination claims and do not adequately allege a Consumer Protection Act or defamation claim.

**A. Motion to Strike**

Defendants BGCKC and Mr. Munson move to strike portions of the proposed amended complaint on the ground that they violate Rule 8(a)(1)'s requirement of a short and plain statement showing that plaintiffs are entitled to relief. Defendants argue that they cannot respond to proposed paragraphs 4.1(b)(1)-(7); 4.1(c)(1)-(3); 4.1(e)(1)-(3), (6)-(7), and (9); 4.1(f)(1)-(3); 4.1(g)(6)(c)-(d); 4.1(g)(7)(f)-(g); 4.1(h)(3), (6)(c)-(d); 4.1(n)(1)-(2); and 4.1(o)(1)-(2) because they "contain lengthy narratives" that do not allow defendants to determine what they are alleged to have done or are nothing more than citations to legal authority. Dkt. # 55 at 3.

Defendants do not provide a textual analysis of any of the proposed allegations, simply asserting that paragraphs 4.1(b)(1)-(7) "contain case law citations, elements of asserted causes of action, and analysis of the applicability of cited case law to the instant action" and that all of the other paragraphs to which defendants object contain similar language. *Id.* Paragraphs 4.1(b)(1) and (2) incorporate by reference preceding paragraphs: defendants may similarly incorporate their responses to those paragraphs. Paragraph 4.1(b)(3) begins with the phrase "[s]imilar to the circumstances in *Harris* and *N.K.*," then proceeds to describe the relationships between plaintiffs, BGCKC, and Mr. Munson and the duties arising from those relationships. Defendants do not explain what is confusing

about these allegations or why they cannot form a response. Pursuant to Rule 8(a), defendants can deny specific allegations, including the allegation that the circumstances presented here are similar to those discussed in the cited case law, while admitting others, or they can state that they lack the knowledge or information to form a belief about the truth of a particular allegation. The Court declines to strike the allegations.

**B. Undue Delay**

At various points, defendants argue that the attempt to add claims or otherwise amend the complaint is untimely because plaintiffs waited months from the date they learned of the allegedly wrongful conduct or the date the Court issued its orders on the original motions to dismiss to file this motion to amend. In the context of this case, which has been bogged down at the pleading stage and has seen the demise of plaintiffs' relationship with their counsel, the delay did not cause prejudice and is insufficient justification for denying leave to amend.

**C. Negligence and Negligent Infliction of Emotional Distress Claims against MIBBBC**

"To establish an actionable negligence claim, a plaintiff must establish the existence of (1) a duty, owed by the defendant to the plaintiff, to conform to a certain standard of conduct; (2) a breach of that duty; (3) a resulting injury; and (4) proximate cause between the breach and the injury." *Adgar v. Dinsmore*, 26 Wn. App. 2d 866, 875 (2023) (citing *Meyers v. Ferndale Sch. Dist.*, 197 Wn.2d 281, 287 (2021)). "The existence of a duty is a question of law and depends on mixed considerations of logic, common sense, justice,

policy, and precedent." *Snyder v. Med. Serv. Corp. of E. Wash.*, 145 Wn.2d 233, 243 (2001) (internal quotation marks and citations omitted). Plaintiffs seek to amend their claims to allege that MIBBBC had a duty to protect the minors in its care, custody, and control from foreseeable harm and that it is vicariously liable for the negligent actions of its employees.

This statement of the law does not change the fact that plaintiffs' factual allegations in support of a negligence claim against MIBBBC are exactly the same as they were when the claim was dismissed in December 2023. Plaintiffs again offer no arguments based in logic, common sense, justice, policy, and/or precedent to support the imposition of a duty in the circumstances presented here, which involve the placement or retention of a child on a specific team and the discretionary decisions to accept or reject a parent's offer to resolve a dispute, to grant or deny transfers, and/or to allow a non-participant to participate in a team event. Absent a standard of care that in some way relates to the facts of this case, there is no duty that could support a negligence claim against MIBBBC.

**D. Negligence and Negligent Infliction of Emotional Distress Claims against BGCKC**

BGCKC does not oppose the amendment of the negligence claim asserted against it. That claim was dismissed because there was no indication that BGCKC was aware of A.A.'s complaints of discriminatory or harassing conduct before August 12, 2022. Plaintiffs now allege that the discriminatory or harassing conduct was brought to BGCKC's attention in 2021. Because the failure to address such conduct could support the

ORDER GRANTING IN PART PLAINTIFFS' MOTION TO AMEND - 5

negligence-based claims, amendment would not be futile. The negligence and negligent infliction of emotional distress claims against BGCKC may proceed.

### E. Negligence Claim and Negligent Infliction of Emotional Distress Claims against Marc Munson

Mr. Munson does not oppose the amendment of the negligence claim asserted against him. Plaintiffs have abandoned the allegation that Mr. Munson made racially demeaning comments. The negligence-based claims against him are therefore limited to his alleged failure to respond to bullying and/or racially-charged comments from A.A.'s teammates.

### F. Discrimination Claims against BGCKC

BGCKC does not oppose the amendment of plaintiffs' race-based discrimination claims under Title VI of the Civil Rights Act of 1964, 34 C.F.R. Part 100, and/or RCW 49.60.030.

### G. Defamation Claim against BGCKC

Plaintiffs seek leave to assert a defamation claim against BGCKC based on allegations that BGCKC or its agents (1) falsely told other parents at an October 29, 2022, meeting that plaintiff Elle Nguyen had made derogatory comments toward youth sports participants, (2) falsely told other parents at an October 29, 2022, meeting that Ms. Nguyen owed BGCKC money, (3) falsely told Tony Locascio and Becky Shaddle that Ms. Nguyen had attended games without her children and harassed BGCKC staff and other parents, and (4) falsely told police officers that Ms. Nguyen was harassing others at sporting events on

October 29, 2022, November 5, 2022, and November 12, 2022. BGCKC argues that these allegations misrepresent what really happened and/or that the statements attributed to it are, in fact, true. The Court applies the motion to dismiss standard of review when determining whether a proposed amendment would be futile. 3 J. Moore, *Moore's Federal Practice* ¶ 15.08[4] (2d ed. 1974). Because we must accept the factual allegations as true and construe them in plaintiffs' favor, BGCKC's challenge to the veracity of the allegations is premature.

**G. Defamation Claim against Marc Munson**

Plaintiffs seek leave to assert a defamation claim against Mr. Munson based on allegations that Mr. Munson (1) told "others in the community" that Ms. Nguyen had threatened his wife and (2) falsely told Tony Locascio and Becky Shaddle that Ms. Nguyen had attended games without her children and harassed BGCKC staff. At this stage in the proceeding, defendants' assertions that these statements are true or are belied by the evidence do not justify denial of the motion to amend.

**H. Defamation Claim against MIBBBC**

Plaintiffs seek leave to assert a defamation claim against MIBBBC based on allegations that Ms. Nguyen was informed in November 2023 that MIBBBC falsely told other sports teams on and around Mercer Island that Ms. Nguyen was disruptive at games and had attended games without her children present. MIBBBC argues that these allegations are insufficient because unless plaintiffs identify the precise statements made, who made the statements, to whom they were made, and when they were made, the Court

ORDER GRANTING IN PART PLAINTIFFS' MOTION TO AMEND - 7

cannot infer that a statement was actually published, that MIBBBC is responsible for the statement, or that the statement was not privileged. "[T]he Federal Rules of Civil Procedure impose no special pleading requirements for defamation. . . . A plaintiff asserting a state-law defamation claim in federal court need only satisfy Rule 8 . . . ." *Miller v. Sawant*, 18 F.4th 328, 337 (9th Cir. 2021) (internal quotation marks and citations omitted). Thus, the question is whether plaintiffs have alleged enough factual content that the Court can draw the reasonable inference that MIBBBC may be liable for the misconduct alleged. *Benavidez v. City of San Diego*, 993 F.3d 1134, 1144-45 (9th Cir. 2021).

      Plaintiffs have provided sufficient facts for MIBBBC to formulate a response to the claim and to give rise to a plausible inference that MIBBBC may have defamed them. According to the proposed amended complaint, an Issaquah basketball coach named Cornelius Bomet told Ms. Nguyen that MIBBBC had been contacting local sports teams, making specific false assertions regarding Ms. Nguyen, and advising them to steer clear of her children, G.A. and A.A. Ms. Nguyen learned of the false statements in November 2023. If true – and for purposes of this motion, the Court assumes the truth of the alleged facts – plaintiffs have plausibly alleged defamatory conduct. That plaintiffs do not know who within the MIBBBC organization was supposedly bad-mouthing Ms. Nguyen to the other local sports teams does not necessarily doom the cause of action where the other information provided will allow defendants to respond and will focus discovery.

ORDER GRANTING IN PART PLAINTIFFS' MOTION TO AMEND - 8

**I. Consumer Protection Act Claims**

Plaintiffs seek to add claims against MIBBBC and BGCKC under the Washington Consumer Protection Act ("CPA") which prohibits "unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." RCW 19.86.020. To the extent plaintiffs allege that MIBBBC and BGCKC treated A.A. and G.A. unfairly by removing them from their teams, withholding transfers, removing plaintiffs from subsequent sporting events, *etc.*, the claim cannot proceed. Plaintiffs have not alleged facts suggesting that their dispute over defendants' reaction to Ms. Nguyen's social media posts and statements involves or impacts the public at large.

The CPA, as a consumer protection statute, applies only to acts that are "injurious to the public interest." RCW 19.86.920. When a CPA claim is based on an individual, private interaction rather than a common commercial transaction, "it may be more difficult to show that the public has an interest in the subject matter." *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, 105 Wn.2d 778, 790 (1986). Here, defendants were generally reacting to a specific situation,[2] and plaintiffs have not alleged facts suggesting a likelihood that additional plaintiffs have been or will be injured in exactly the same fashion. *Id.* Plaintiffs have not shown that this private dispute regarding the propriety of MIBBBC's and BGCKC's response to Ms. Nguyen's conduct affects the public interest.

---

[2] Plaintiffs assert that other consumers who have paid their fees and complied with all of the organization's rules could be similarly removed from their teams and deprived of transfers, but that is not what happened here. Plaintiffs acknowledged in their original complaint that MIBBBC was responding to Ms. Nguyen's social media posts and demeaning statements toward a coach. They cannot simply ignore the facts of the case to make themselves appear to be similar to the average youth sports team participant.

ORDER GRANTING IN PART PLAINTIFFS' MOTION TO
AMEND - 9

To the extent the CPA claim against BGCKC is premised on allegations that the organization discriminated against A.A., leave to amend is granted and the claim may proceed. Discrimination in the conduct of trade or commerce may constitute an unfair practice that impacts the public interest. *See Guijosa v. Wal-Mart Stores, Inc.*, 144 Wn.2d 907, 921 (2001) (finding that a CPA claim premised solely on discriminatory conduct failed where plaintiffs were unable to prove their discrimination claim).

**K. Negligent Retention and Supervision Claims against BGCKC**

BGCKC does not oppose the addition of the negligent retention and supervision claims included in the proposed complaint.

For all of the foregoing reasons, plaintiffs' motion to amend (Dkt. # 52) is GRANTED in part. Understanding that plaintiffs' former counsel drafted the proposed amended complaint and is no longer involved with the case, the Court accepts Dkt. # 52-2 as the operative pleading in this case. Only the following claims may proceed:

(a) the negligence and negligent infliction of emotional distress claims against BGCKC and Mr. Munson arising from their alleged failure to respond to bullying and/or racially-charged comments aimed at A.A.;

(b) the negligence and negligent infliction of emotional distress claims against defendant BGCKC arising from plaintiffs' removal from sporting events;

(c) the race-based discrimination claims against BGCKC;

(d) the defamation claims against MIBBBC, BGCKC, and Mr. Munson;

(e) the discrimination-based CPA claim against BGCKC;

(f) the negligent retention claim against BGCKC; and

(g) the negligent supervision claim against BGCKC.

Dated this 18th day of November, 2024.

*Robert S. Lasnik*
Robert S. Lasnik
United States District Judge
