UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ELLE NGUYEN, *et al.*, <br><br> Plaintiffs, <br> v. <br><br> MERCER ISLAND BOYS BASKETBALL BOOSTER CLUB, *et al.*, <br><br> Defendants. | CASE NO. 2:23-cv-00855-RSL <br><br> ORDER SEVERING CLAIMS |

This matter comes before the Court on "Defendant MIBBBC's Motion to Sever Defamation Claim." Dkt. # 116. The only remaining claim against defendant Mercer Island Boys Basketball Booster Club ("MIBBBC") is based on the allegation that plaintiff Elle Nguyen was informed in November 2023 that MIBBBC had falsely told other sports teams on and around Mercer Island that Ms. Nguyen was disruptive at games and had attended games without her children present.[1] Pursuant to Fed. R. Civ. P. 20, "the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party."

Having reviewed the memoranda and declaration submitted by the parties, the Court finds that:

---

[1] All other claims against MIBBBC, including those arising out of the removal of A.A. and G.A. from their select basketball teams, have been dismissed. All claims against the individual MIBBBC parents/board members/ have been dismissed.

ORDER SEVERING CLAIMS - 1

(1) Plaintiffs' narrow defamation claim against MIBBBC does not arise out of the same transaction or occurrence as the defamation claim asserted against the Boys and Girls Club of King County ("BGCKC") and/or Marc Munson;

(2) The defamation claim asserted against MIBBBC does not present any common questions of law or fact with plaintiffs' claims against BGCKC and/or Mr. Munson;

(3) Judicial economy would not be furthered by keeping the narrow defamation claim asserted against MIBBBC with the numerous and distinct claims against BGCKC and Mr. Munson;

(4) Any overlap in witnesses or documentary evidence necessary to prove or defend the defamation claim against MIBBBC and the claims against BGCKC and/or Mr. Munson will be limited; and

(5) MIBBBC would be prejudiced if severance were not granted because it has not had a fair and full opportunity to conduct discovery or file dispositive motions and the narrow discrimination claim asserted against it would be overwhelmed – and potentially colored – by the broader and more inflammatory allegations against BGCKC and Mr. Munson.

//

//

//

ORDER SEVERING CLAIMS - 2

For all of the foregoing reasons, MIBBBC's motion to sever the defamation claim asserted against it is GRANTED. The Clerk of Court is directed to terminate MIBBBC's participation in the above-captioned matter and to open a new case number with plaintiffs and defendant MIBBBC as the only parties and Dkt. # 52-2 as the operative pleading. Only the defamation claim against MIBBBC will proceed under the new case number. A case management order providing a short period for discovery and a corresponding deadline for dispositive motions will be issued in that action.

DATED this 3rd day of December, 2024.

*[signature]*
Robert S. Lasnik
United States District Judge