UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ELLE NGUYEN, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> MERCER ISLAND BOYS & GIRLS CLUB OF KING COUNTY, *et al.*, <br><br> Defendants. | CASE NO. 2:23-cv-00855-RSL <br><br> ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL |

This matter comes before the Court on plaintiffs' "Application for Court-Appointed Counsel." Dkt. # 132.[1]

Generally, a person has no right to counsel in civil actions. *See Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). However, a court may under "exceptional circumstances" appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1). *Agyeman v. Corrs. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004). When determining whether "exceptional circumstances" exist, a court must consider "the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983). Neither of these considerations is dispositive and instead must be viewed together. *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).

---

[1] Although the caption of the motion indicates that it applies to both this case and the related case against Mercer Island Boys Basketball Booster Club, No. 2:24-cv-01990-RSL, the motion was not filed in the related case.

ORDER DENYING MOTION FOR APPOINTMENT OF
COUNSEL - 1

*Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). In addition, the party seeking appointment of counsel must show indigency. 29 U.S.C. § 1915(e)(1).

Plaintiffs have not provided the required financial affidavit or otherwise shown indigency. They had previously retained counsel, suggesting that there is no financial impediment to obtaining counsel to represent them. The negligence, discrimination, and defamation claims asserted against defendants are not particularly complex and the facts necessary to prove the claims are, if they exist, known to plaintiffs. Plaintiffs have not shown the sort of exceptional circumstances that justify appointment of counsel at the public's expense. Dkt. # 132 is, therefore, DENIED.

Dated this 4th day of February, 2025.

Robert S. Lasnik
United States District Judge

ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL - 2