UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ELLE NGUYEN, *et al.*,

           Plaintiffs,

    v.

MERCER ISLAND BOYS & GIRLS
CLUB OF KING COUNTY, *et al.*,

           Defendants.

CASE NO. 2:23-cv-00855-RSL

ORDER

    This matter comes before the Court on plaintiffs' third motion for appointment of counsel. Dkt. # 164. The first request was denied because plaintiffs failed to submit the necessary financial information and had previously retained private counsel in this lawsuit. The second was denied because plaintiffs failed to show the type of "exceptional circumstances" that would warrant appointment of counsel under the governing standards.[1]

---

[1] As the Ninth Circuit advised in *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009):

> Generally, a person has no right to counsel in civil actions. *See Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). However, a court may under "exceptional circumstances" appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1). *Agyeman v. Corrs. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004). When determining whether "exceptional circumstances" exist, a court must consider "the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983). Neither of these considerations is dispositive and instead must be viewed together. *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).

ORDER - 1

This third motion for appointment of counsel is also denied. Ms. Nguyen's evidence of a medical crisis that impairs her ability to represent herself and her children is unpersuasive, consisting of no more than evidence that she has been seen by doctors on certain dates. Her ability to reason, write, and articulate arguments in the legal setting does not appear to be lacking in any way, *see Nguyen v. MIBBBC*, C24-1990RSL, Dkt. # 57 (W.D. Wash. Apr. 23, 2025), and introducing a new attorney at this point in the litigation would have an adverse and significant impact on the efficient and prompt resolution of this case. The circumstances of this case are not extraordinary and do not warrant appointment of counsel.

DATED this 12th day of May, 2025.

*[signature]*
Robert S. Lasnik
United States District Judge

ORDER - 2