**THE HONORABLE JUSTICE ROBERT S. LASNIK**

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ELLE NGUYEN, an individual, and TWO MINOR CHILDREN, A.A. and G.A., <br><br> Plaintiffs, <br><br> vs. <br><br> MERCER ISLAND BOYS & GIRLS CLUB OF KING COUNTY, a nonprofit youth organization, and MARC MUNSON, et al. <br><br> Defendants. | NO. **2:23-cv-00855-RSL** <br><br> DECLARATION OF ELLE NGUYEN IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT |

I, Elle Nguyen, declare under penalty of perjury under the laws of the United States of America that the following is true and correct. This declaration was executed in Mercer Island, Washington.

1. I am over 18-years of age, reside in King County, Washington, one of the plaintiffs in this action, and make this Declaration in support of my Opposition to defendants' Motion for Summary Judgment (Dkt. 148).

2. I submit this Declaration solely to clarify that my factual assertions in opposition to summary judgment were made in good faith, based on personal knowledge, and in full compliance with applicable rules, to the best of my understanding, as a pro se litigant.

3. I have personal knowledge of the facts stated herein and, when called a witness, would competently testify to the same.

DECLARATION OF ELLE NGUYEN TO SUMMARY JUDGMENT - 1

4. Respectfully, contrary to defense counsel's assertion in Dkt. 169, I did in fact submit declarations and supporting factual statements embedded within my Opposition Brief (Dkt. 167), consistent with Fed. R. Civ. P. 56(c)(1)(A) and 28 U.S.C. § 1746.

5. The facts I attested to in my Opposition brief were based on my firsthand knowledge, experiences, and communications with the defendants and others involved in this matter.

6. I affirm and reassert the following:

- My family and I were excluded from the Mercer Island Boys & Girls Club programs following my protected speech on August 20, 2022, and community advocacy.

- I experienced reputational damage, emotional distress, and disruption to my ability to work and maintain professional relationships in real estate as a result of defendants' discriminatory actions and defamatory statements, **as** detailed in my Opposition to Summary Judgment.

- Defendants' justification for our removal was pretextual and selectively enforced. Other similarly situated non-Asian families were not subjected to similar treatment.

- I did not violate the Parent Code of Conduct in the manner defendants alleged. Their characterizations of my conduct were misleading and used retroactively to justify discriminatory removal.

7. The crux of this case is not about minor plaintiff A.A. not being chosen as the quarterback. My family always understood that defendant Marc Munson's son would likely serve as the starting quarterback every year. However, we believed that A.A. would be selected as the backup quarterback based on his prior years of experience and skill. Instead, defendant

DECLARATION OF ELLE NGUYEN TO SUMMARY JUDGMENT - 2

Munson selected the son of a personal friend who, to my knowledge, had never previously played quarterback on an organized team.

8. This decision was the final incident—the "last straw"—that led A.A. to withdraw from his football team with the Mercer Island Boys & Girls Club on August 9, 2022. The discriminatory and retaliatory conduct, however, had begun well before that.

9. Minors A.A. and G.A. were subjected to extreme cruelty in Spring 2022 when they were denied access to bathroom facilities and water fountains on numerous occasions while other basketball teams were allowed full access during practice inside the gym.

10. Minors A.A. and G.A. were customers of Mercer Island Boys & Girls Club of King County and were entitled to safe and equal access to the programs and facilities as paying participants.

11. No staff or employees conducted any investigation into the discriminatory conduct that occurred during the 2021 and 2022 seasons, despite assurances from Boys & Girls Club staff that the matter would be looked into.

12. I was politically persecuted as a Republican for posting content related to a political party on September 18, 2022, during my campaign for legislative public office. Defendants wrongly assumed that the Facebook post was directed at Defendant Marc Munson and relied on that assumption in taking adverse action against my family.

13. On October 14, 2022, a meeting was held in which Defendant's Human Resources Director, Ellie Hooman, informed both myself and Minor Plaintiff A.A. that the Club had received complaints alleging that I was attending football games alone and harassing staff and parents.

14. When I asked for clarification, Ms. Hooman neither confirmed nor denied whether it was Defendant Marc Munson who submitted the complaint.

DECLARATION OF ELLE NGUYEN TO SUMMARY JUDGMENT - 3

15. On October 17, 2022, at approximately 10:43 a.m., I replied to Ms. Hooman by email and clearly stated that the Facebook story had nothing to do with Defendant Marc Munson. Despite this clarification, Defendants continued to treat me and my children as if the post had been personal and targeted.

16. Following the October 14 meeting held at Starbucks, I sent a group text message to Defendant Marc Munson and included representatives of the Mercer Island Boys & Girls Club: Becky Shaddle, Tony Locascio, Ellie Hooman, legal counsel Denise Ashbaugh for the Mercer Island Boys Basketball Booster Club, and friend Andrew Magee.

17. In that message, I demanded that Defendant Munson cease and desist from telling others that I had attended football games alone and was harassing staff and parents. I considered these statements to be false and defamatory.

18. Thereafter, Minor Plaintiff G.A. was removed from his Junior Varsity football team, which was coached by Mason Azose.

19. This removal occurred shortly after I sent a group text message demanding that defamatory statements cease, and after I made a political post on Facebook related to my campaign for public office.

20. At least five other players whose parents falsified registration records were not removed from the football team. These players were caucasian and received lesser or no discipline despite the seriousness of the violation.

21. Minor plaintiff G.A. was publicly humiliated in front of community members when he was forced to leave Island Park, a public park, while sitting quietly behind a gated area on the bleachers watching his football team practice.

22. At that time, none of Defendants' teams had yet begun practice, and G.A. was not on the field or participating in any activity.

DECLARATION OF ELLE NGUYEN TO SUMMARY JUDGMENT - 4

23. Defendants claimed that I owed a $445.00 balance from the 2018 season. However, they did not provide a copy of the returned check or any bank-issued documentation that would have allowed me to contact the issuing bank to investigate or resolve the issue. Instead, they provided only a Word document, which contained no bank identification information and offered no way for me to verify the alleged debt.

24. This alleged balance was never brought to my attention in the years that followed. It was first raised in October 2022, immediately after G.A. was removed from the football team, indicating it was used as pretext to justify retaliation.

25. My children and I were subjected to harm on several occasions when the defendants called the police to have us removed from the Mercer Island High School football field while having family time watching youth football games, including Issaquah, Woodinville, and Sammamish teams.

**26.** Despite defendants' October 17, 2022, and December 1, 2022, emails stating, "…*This does not mean your sons cannot play sports in these leagues if they join different teams, but they are not welcome to participate in the BGCKC teams…*" We were treated as if barred from all public spaces related to youth football sports.

27. No court had issued a no-trespassing order against us, yet defendants caused my children and me to be publicly humiliated when they summoned seven law enforcement officers to remove us from the Mercer Island High School football field on a few occasions—treating my family as if we were criminals.

28. The traumatic events described above caused my family to suffer from post-traumatic stress disorder (PTSD), as medically documented and previously filed on record with this Court.

DECLARATION OF ELLE NGUYEN TO SUMMARY JUDGMENT - 5

29. Defendants' assertion that this case is merely about a disgruntled mother upset over her son not being selected as quarterback is a severe mischaracterization of the facts and a harmful overreach.

30. This case concerns repeated acts of discrimination, retaliation, personal animus toward a parent, and public humiliation—conduct that has deeply impacted both my children and me.

31. Minor plaintiff A.A. is a skilled quarterback who has continued to play and be welcomed into other competitive football programs outside of the Mercer Island Boys & Girls Club.

32. In those environments, his race has never been a barrier. He has consistently received encouragement, fairness, and kindness from coaches and staff in those programs.

33. Throughout this experience, it became clear to me that many of the adult parents and program leaders involved lost sight of their broader responsibility to provide children with a safe and supportive environment.

34. Every child, regardless of background, deserves to be treated with dignity, fairness, and respect. Differences in race, culture, or political belief should never be used to justify exclusion or mistreatment.

35. Rather than fostering inclusion and understanding, the environment—despite being supported by federally funded grants became one of exclusion, hostility, and harm.

Date: July 14, 2025.                         RESPECTFULLY SUBMITTED,

_____
PLAINTIFFS as pro se
3040 – 78th Ave SE, M/S/ 364
Mercer Island, WA 98040

DECLARATION OF ELLE NGUYEN TO SUMMARY JUDGMENT - 6

## **CERTIFICATE OF SERVICE**

I declare under penalty of perjury under the laws of the State of Washington that I caused a true and correct copy of this Declaration to be served on all counsel of record via electronic service through the Court's portal system on July 14, 2025.

DECLARATION OF ELLE NGUYEN TO SUMMARY JUDGMENT - 7