UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ELLE NGUYEN, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> MERCER ISLAND BOYS & GIRLS CLUB OF KING COUNTY, *et al.*, <br><br> Defendants. | CASE NO. 2:23-cv-00855-RSL <br><br> ORDER DENYING PLAINTIFFS' MOTION TO VACATE |

This matter comes before the Court on "Plaintiffs' Motion to Vacate Summary Judgment and Denial of Counsel." Dkt. 191. Plaintiffs seek to vacate a May 12, 2025, order denying their third request for appointment of counsel, arguing that the order deprived minors A.A. and G.A. of counsel, that the Court failed to apply the standards set forth in this district's "Pro Se Guide to Filing Your Lawsuit in Federal Court" (found at https://www.wawd.uscourts.gov/court-forms#Pro%20Se), and that the failure to appoint counsel prejudiced plaintiffs' ability to successfully settle and/or litigate their claims. They also argue that entry of summary judgment was erroneous because the Court required them to proceed without counsel and misunderstood the nature of plaintiffs' claims.

ORDER DENYING PLAINTIFFS' MOTION TO
VACATE - 1

A. Appointment of Counsel

Plaintiffs' first and second requests for appointment of counsel were denied because plaintiffs failed to show the sort of "exceptional circumstances" that could justify appointment of counsel in a civil action under the governing standards.[1] In particular, the Court noted that the negligence, discrimination, and defamation claims asserted were not factually or legally complex and that Ms. Nguyen appeared capable of articulating and pursing the claims asserted. Dkt. 137 and 141. The third request for counsel was denied because the new evidence provided did not alter the Court's earlier findings and because the introduction of a new attorney in the midst of the summary judgment briefing would adversely impact the efficient and prompt resolution of this case. Dkt. 166.

The Court presumes that it has the authority to rescind or alter the May 12, 2025, order pursuant to the inherent, plenary power to correct mistakes in the handling of a case while the Court's jurisdiction continues. *City of Los Angeles, Harbor Div. v. Santa Monica*

---

[1] As the Ninth Circuit advised in *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009):

> Generally, a person has no right to counsel in civil actions. *See Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). However, a court may under "exceptional circumstances" appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1). *Agyeman v. Corrs. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004). When determining whether "exceptional circumstances" exist, a court must consider "the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983). Neither of these considerations is dispositive and instead must be viewed together. *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).

The district's guide to pro se litigants is consistent with Palmer and informs pro se litigants that they may file an application for court-appointed counsel, that the Court may base his or her decision on a number of factors including financial resources, efforts to retain counsel, ability to pursue litigation without counsel, and the complexity of the case. Pro Se Guide to Filing Your Lawsuit in Federal Court (https://www.wawd.uscourts.gov/court-forms#Pro%20Se).

*Baykeeper*, 254 F.3d 882, 887 (9th Cir. 2001) (citations omitted).[2] Plaintiffs argue that, given the outcome of the case, the denial of counsel was a mistake. While the Court agrees that the claims asserted, the discovery pursued, the disclosures made, and the arguments presented may have been different if an attorney had been appointed to represent plaintiffs, the Court carefully considered the *Palmer* factors when determining whether exceptional circumstances warranted appointment of counsel at the public's expense. Plaintiffs have failed to show clear or manifest error in the Court's findings.

Plaintiffs also argue that, in the absence of appointed counsel, the interests of minors A.A. and G.A. were not adequately protected and they were deprived of due process. Rule 17(c)(2) "requires a court to take whatever measures it deems proper to protect an incompetent person during litigation. Although the court has broad discretion and need not appoint a guardian ad litem if it determines the person is or can be otherwise adequately protected, it is under a legal obligation to consider whether the person is adequately protected." *United States v. 30.64 Acres of Land, More or Less, Situated in Klickitat Cnty., State of Wash.*, 795 F.2d 796, 805 (9th Cir. 1986) (footnote omitted) (citing *Roberts v. Ohio Casualty Insurance Co.*, 256 F.2d 35, 39 (5th Cir. 1958)). *See also Elliott*

---

[2] A motion for reconsideration under LCR 7(h) must be filed within fourteen days after the order to which it relates was filed. This motion to vacate was filed more than four months after the third request for appointment of counsel was denied and is therefore untimely under the local rule. Federal Rule of Civil Procedure 59(e) authorizes motions to alter or amend a judgment, a term which "encompasses final judgments and appealable interlocutory orders." *Balla v. Idaho State Bd. of Corr.*, 869 F.2d 461, 466 (9th Cir. 1989) (citations omitted). Because the order denying counsel was not a judgment or otherwise appealable, the prerequisite for moving for reconsideration under Rule 59(e) is not satisfied. "Rule 60(b), like Rule 59(e), applies only to motions attacking final, appealable orders," and thus is similarly inapplicable to plaintiffs' challenge of the May 12, 2025, order. *United States v. Martin*, 226 F.3d 1042, 1048 n.8 (9th Cir. 2000).

ORDER DENYING PLAINTIFFS' MOTION TO
VACATE - 3

*v. Versa CIC, L.P.*, 328 F.R.D. 554, 556 (S.D. Cal. 2018) ("As a general matter, the decision whether to appoint a guardian ad litem is normally left to the sound discretion of the trial court.") (internal quotation marks and citation omitted). When plaintiffs terminated their relationship with attorney Jenny Cochrane, the Court expressly considered whether the minors could sue in their own names and capacity through their mother as their "next friend" under Rule 17(c)(2). The Court found that Ms. Nguyen had standing to act as "next friend" to her children. Dkt. 104 at 3 (quoting *Massie ex rel. Kroll v. Woodford*, 244 F.3d 1192, 1194 (9th Cir. 2001)). Now, more than a year later and after judgment has been entered, plaintiffs argue that the determination was erroneous and/or that the plaintiffs' interests diverged at some point such that the Court should have revoked the "next friend" finding and appointed counsel for A.A. and G.A. This argument was not previously raised. The fact that plaintiffs can, with 20/20 hindsight, imagine a better and different outcome to the litigation does not establish error in the "next friend" or appointment of counsel decisions.

**B. Summary Judgment**

Plaintiffs request that the Court vacate the order granting summary judgment in favor of defendants and appoint counsel who will, presumably, pursue the litigation to a more favorable conclusion. Plaintiffs argue that, had counsel been appointed, they would have understood that the crux of plaintiffs' case was retaliation, would have convinced Ms. Nguyen to sign the negotiated settlement agreement despite her misgivings, and/or would

ORDER DENYING PLAINTIFFS' MOTION TO
VACATE - 4

have properly supported the negligence claim. Plaintiffs also suggest that the Court erred in failing to recognize and credit their retaliation claim.

Both Rule 59(e) and Rule 60(b) authorize the revocation or alteration of court orders. The Court will consider each in turn.

**1. Rule 59(e)**

Section (e) of Rule 59 authorizes motions to alter or amend a judgment, but provides no standards or factors to guide the resolution of such motions. The Supreme Court has held that Rule 59(e) motions may be granted if the Court determines that doing so is necessary to "rectify its own mistakes in the period immediately following the entry of judgment." *White v. N.H Dep't. of Emp. Sec.*, 455 U.S. 445, 450 (1982). While the Court is given considerable discretion in granting or denying such motions, altering a judgment is an "extraordinary remedy" and is seldom done unless the need to uphold the finality of judgments is outweighed by a clear injustice. *Kona Enters. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (quoting 12 James Wm. Moore *et al.*, Moore's Federal Practice § 59.309[4] (3d ed. 2000)). An amended judgment is proper if it (1) corrects an error of law or fact made by the Court in the original judgment, (2) allows a party to present evidence that was previously unavailable or undiscoverable, (3) corrects a manifest injustice, or (4) incorporates intervening and controlling case law. 11 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2810.1 (3d ed. 2020); *see also Zimmerman v. City of Oakland*, 255 F.3d 734, 740 (9th Cir. 2001). The motion will not succeed, however, if the moving party is simply trying to "relitigate old matters." *Exxon*

*Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008) (quoting 11 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2810.1, at 127-128 (2d ed. 1995)). Rule 59(e) motions "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Kona*, 229 F.3d at 890; *see also Zimmerman*, 255 F.3d at 740. The moving party must meet a "high hurdle" in order to show that alteration of judgment is warranted. *Weeks v. Bayer*, 246 F.3d 1231, 1236 (9th Cir. 2001).

Based on the record presented at the time the summary judgment motion was considered, there was no error in the Court's rulings. Nor have plaintiffs identified any evidence that was previously unavailable or undiscoverable or any intervening change of law. To the extent plaintiffs are arguing that the May 12, 2025, denial of counsel ultimately prejudiced their ability to assert a retaliation claim or successfully litigate their negligence claim, they have not shown error in the May 12, 2025, ruling. Plaintiffs essentially want to relitigate this action, changing the theory of the case and presenting new evidence and witnesses that were not disclosed in discovery. That is not the purpose or function of a Rule 59(e) motion.

**2. Rule 60(b)**

Rule 60(b) allows a party to seek relief from final judgment and reopen a case based on mistake or excusable neglect, newly discovered evidence, fraud, or the void or prospectively inequitable status of a judgment. Rule 60(b)(1) - (5). Rule 60(b) also includes a "catchall" provision, Rule 60(b)(6), that allows a district court to reopen a case

for "any other reason that justifies relief." *Kemp v. United States*, 596 U.S. 528, 533 (2022) (quoting Rule 60(b)(6)). Rule 60(b)(6) encompasses only grounds for relief that are not already covered by the preceding five paragraphs. *BLOM Bank SAL v. Honickman*, 605 U.S. 204, 211 (2025). Were it otherwise, the catchall provision could swallow the preceding paragraphs and violate a "cardinal principle of statutory construction" by making the preceding paragraphs "superfluous." *Duncan v. Walker*, 533 U.S. 167, 174 (2001) (internal quotation marks omitted); *see also Fischer v. United States*, 603 U.S. 480, 493 (2024) (avoiding an "unbounded interpretation" of catchall provision that would "render superfluous" a "reticulated list" of provisions). Thus, relief under Rule 60(b)(6) is available "only when Rules 60(b)(1) through (b)(5) are inapplicable." *Kemp*, 596 U.S., at 533 (citation omitted).

     Plaintiffs' Rule 60(b) arguments touch on concepts of mistake, excusable neglect, new evidence, and misconduct on the part of defendants. They have, however, failed either to establish that these circumstances exist or to show that they would warrant reopening of the litigation. The only other reason to upend the judgment is that plaintiffs lacked representation and may have achieved a better outcome had counsel been appointed. But, as discussed above, a civil litigant generally has no right to counsel at the public's expense, plaintiffs failed to show that extraordinary circumstances warranted a deviation from that general rule, and plaintiffs failed to seek timely reconsideration of the May 12, 2025, order. For purposes of the Rule 60(b) analysis, the Court finds that reconsideration of the May 12, 2025, order would "circumvent the strong public interest in the timeliness and

ORDER DENYING PLAINTIFFS' MOTION TO
VACATE - 7

finality of judgments" in the absence of countervailing extraordinary circumstances. *Phelps v. Alameida*, 569 F.3d 1120, 1135 (9th Cir. 2009) (internal quotation marks, citations, and alterations omitted).

For all of the foregoing reasons, plaintiffs' motion to vacate (Dkt. 191) is DENIED.

Dated this 23rd day of October, 2025.

Robert S. Lasnik
United States District Judge