UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ELLE NGUYEN, *et al.*,

                Plaintiffs,

      v.

MERCER ISLAND BOYS & GIRLS
CLUB OF KING COUNTY, *et al.*,

                Defendants.

CASE NO. 2:23-cv-00855-RSL

ORDER DENYING JENNY COCHRANE'S MOTION TO STAY EXECUTION OF JUDGMENT

This matter comes before the Court on "Jenny M. Cochrane's Motion for Stay of Proceedings to Enforce a Judgment." Dkt. 212. On June 3, 2024, the Court awarded the Mercer Island Boys Basketball Booster Club, Rebecca Robinson, Karen Friedman, and Kelly Coochise (collectively, "MIBBBC defendants") $29,856.50 in attorney's fees against plaintiffs' former counsel, Jenny M. Cochrane. The award remains unpaid, has been reduced to judgment, and is now the subject of an appeal. Ms. Cochrane requests a stay of enforcement of the judgment until the appeal is resolved, as well as a waiver of the bond requirement. Dkt. 212 at 2. The motion is unopposed. Having reviewed Ms. Cochrane's request, the applicable rule of civil procedure, and the remainder of the record, the Court finds as follows:

ORDER DENYING JENNY COCHRANE'S MOTION TO
STAY EXECUTION OF JUDGMENT - 1

Rule 62(a) provides that "execution of a judgment and proceedings to enforce it are stayed for 30 days after its entry, unless the Court orders otherwise." Fed. R. Civ. P. 62(a). The automatic stay of Rule 62(a) is supplemented by the procedure set forth in Rule 62(b), which provides that "[a]t any time after judgment is entered, a party may obtain a stay by providing a bond or other security. The stay takes effect when the court approves the bond or other security and remains in effect for the time specified in the bond or other security." Fed. R. Civ. P. 62(b); *see Vacation Vill., Inc. v. Clark Cnty., Nev.*, 497 F.3d 902 (9th Cir. 2007). Upon posting a security in an amount and form that is acceptable to the Court, the moving party receives a stay "as a matter of right." *In re Matter of Combined Metals Reduction Co.*, 557 F.2d 179, 193 (9th Cir. 1977).

The point of the bond requirement is to protect "the prevailing [party] from the risk of a later uncollectible judgment and compensate[] him for delay in the entry of final judgment." *NLRB v. Westphal*, 859 F.2d 818, 819 (9th Cir. 1988). While district courts have discretionary authority in setting the amount of the bond or in waiving or modifying the bond requirement, Fed. R. Civ. P. 62(b) (authorizing use of "other security"); *Rachel v. Banana Republic, Inc.*, 831 F.2d 1503, 1505 N.1 (9th Cir. 1987); *Int'l Telemeter Corp. v. Hamlin Int'l Corp.*, 754 F.2d 1492, 1495 (9th Cir. 1985); *Mills v. Zeichner*, No. 2:23-cv-01139-JLR, 2024 WL 1255783, at \*2 (W.D. Wash. Mar. 25, 2024), the party seeking a waiver of Rule 62(b)'s bond requirement must demonstrate the reasons for departing from the usual rule. *Cotton ex rel. McClure v. City of Eureka*, 860 F. Supp. 2d 999, 1028 (N.D. Cal. 2012).

Although the Ninth Circuit has not created a definitive list of factors to be considered when determining whether to waive the bond requirement, courts in the Ninth Circuit have considered various combinations of the following: (1) whether posting a bond would impose an undue hardship on the judgment debtor; (2) the complexity of the collection process; (3) the amount of time required to obtain a judgment after it is affirmed

on appeal; (4) the degree of confidence that the district court has in the availability of funds to pay the judgment; (5) whether the judgment debtor's ability to pay the judgment is so plain that the cost of a bond would be a waste of money; and (6) whether the defendant is in such a precarious financial situation that the requirement to post a bond would place creditors of the defendant in an insecure position. *See, e.g.*, *In re Wymer*, 5 B.R. 802, 806-07 (B.A.P. 9th Cir. 1980); *Brooktree Corp. v. Advanced Micro Devices, Inc.*, 757 F. Supp. 1101, 1104 (S.D. Cal. 1990); *Mills*, 2024 WL 1255783, at *2; *Hackworth v. Arevalos*, No. 1:19-CV-01362-KES-CDB, 2025 WL 240832, at *2 (E.D. Cal. Jan. 17, 2025).

Ms. Cochrane asserts that her financial situation is so precarious that she cannot afford the cost of a bond without bankrupting herself and/or her law firm and that purchasing such an instrument would put the creditor for her car loan in an insecure position. Dkt. 213 at 2. No financial statements, bank records, asset lists, or other documentary evidence is offered in support of her declaration. In March 2025, the Court credited Ms. Cochrane's claims of poverty (despite the lack of documentary evidence and the fact that some of her assertions were implausible or affirmatively suggested an ability to pay), but warned her that this debt was not going to go away and that she should take the opportunity to negotiate a plan to pay the attorney's fee award on mutually agreeable terms. She failed to do so, and now again claims an inability to pay as justification for waiving the usual requirement for a bond.

Allowing an appellant to file a bond or other security "is a privilege extended the judgment debtor as a price of interdicting the validity of an order to pay money." *In re Wymer*, 5 B.R. at 807 (quoting *Poplar Grove Planting and Refining Co., Inc. v. Bache Halsey Stuart, Inc.*, 600 F.2d 1189, 1191 (5th Cir. 1979)). The burden of showing that a bond should not be required and of identifying an alternative means through which the judgment creditor's interests can be protected falls on the judgment debtor. *In re Wymer*, 5

ORDER DENYING JENNY COCHRANE'S MOTION TO
STAY EXECUTION OF JUDGMENT - 3

B.R. at 806-07; *Mills*, 2024 WL 1255783, at *2; *Ruiz Fajardo Ingenieros Asociados S.A.S. v. Flow*, No. 2:16-cv-01902-RAJ, 2019 WL 2578603, at *4 (W.D. Wash. June 24, 2019). Ms. Cochrane clearly hopes to overturn the attorney's fee award on appeal, but the Federal Rules of Civil Procedure give the MIBBBC defendants the right to execute on the judgment now absent a stay, and she is offering nothing – no bond, no substitute security, no savings plan, no restraint on her financial dealings – that would lessen the risk that delaying execution will ultimately make the judgment unenforceable. Even if the Court were to assume that plaintiff has shown that posting a bond would impose a financial hardship, she has failed to "identify some other mechanism, apart from a full bond, to ensure the judgment creditor's rights would be protected." *Hackworth v. Arevalos*, No. 1:19-CV-01362-KES-CDB, 2025 WL 240832, at *4 (E.D. Cal. Jan. 17, 2025) (quoting *Oskowis v. Sedona Oak-Creek Unified Sch. Dist. #9*, No. CV-17-08070-PCT-DWL, 2019 WL 6250762, at *2 (D. Ariz. Nov. 22, 2019)); *Bolt v. Merrimack Pharms., Inc.*, No. S-04-0893 WBS DAD, 2005 WL 2298423, at *4 (E.D. Cal. Sept. 20, 2005) ("[B]ecause defendant bears the burden of formulating an alternative plan, the court will not imagine one of its own."). The Court declines to exercise its discretionary authority to waive the bond requirement in these circumstances.

For all of the foregoing reasons, Ms. Cochrane's motion to stay execution of judgment in the absence of a bond or other security (Dkt. 212) is DENIED.

DATED this 3rd day of February, 2026.

Robert S. Lasnik
United States District Judge

ORDER DENYING JENNY COCHRANE'S MOTION TO
STAY EXECUTION OF JUDGMENT - 4